JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CV 6323**

- - - - - - - - - - - - - - - - - - - - - - - -

ECF CASE

DARRELL K. SPENCER, Individually and on
Behalf of All Other Persons Similarly Situated,

            Plaintiff,

    v.

NO PARKING TODAY, INC. and CLAYTON
THOMAS, Jointly and Severally,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - x

Index. No.:

CLASS AND COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1.     Plaintiff Darrell K. Spencer ("Spencer" or "Plaintiff") alleges on behalf of
himself and other similarly situated current and former employees of the Defendants and
those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29
U.S.C. §§ 216(b), that they are entitled to (i) unpaid wages from Defendants for overtime
work for which they did not receive overtime premium pay, as required by law, and (ii)
liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff Spencer further complains on behalf of himself, and a class of
other similarly situated current and former employees of the Defendants, under Fed. R.
Civ. P. 23, that they are entitled to (i) back wages from Defendants for overtime work for
which they did not receive overtime premium pay as required by the New York Labor
Law ("NYLL") §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title
12 of the Official Compilation of Codes, Rules and Regulations promulgated by the
Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL),
(ii) penalties for Defendants' violations of their record keeping requirements under

NYLL § 195, (iii) reimbursement for work-related expenses and unlawful deductions, and (iv) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act.

3.      Plaintiff Spencer alleges on behalf of himself that he was subjected to unlawful retaliatory conduct when he engaged in the protected conduct of complaining to Defendants about their failure to pay overtime and Defendants then stopped scheduling him for work, violating the NYLL and FLSA, and entitling him to compensatory damages, interest, punitive damages, and attorneys' fees.

JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Spencer's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Spencer's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district under 28 U.S.C. §1391.

6.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

7.      Plaintiff Spencer was, at all relevant times, an adult individual, residing in New York, New York, New York County.

8.      Upon information and belief, Defendant No Parking Today, Incorporated. ("No Parking Today") is a New York Corporation, with a principal place of business at 810 Burke Avenue, Bronx, New York 10469, Bronx County.

9. Upon information and belief, Defendant Clayton Thomas ("Thomas") owns, operates and/or controls the day-to-day operations and management of Defendant No Parking Today and jointly employed Plaintiff Spencer and other similarly situated employees at all relevant times.

10. The address of Defendant Thomas is presently unknown but his business address is 810 Burke Avenue, Bronx, New York 10469, Bronx County.

11. Upon information and belief, Defendant No Parking Today is an enterprise engaged in commerce or in the production of goods for commerce. Defendant No Parking Today is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.00.

12. Each Defendant, either directly or indirectly, has hired and fired Plaintiff Spencer and other employees, controlled the their work schedules and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

## COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to 29 U.S.C. §207, Plaintiff Spencer seeks to prosecute his FLSA claims as a collective action on behalf of all persons Defendants are employing or have employed who hold or held the title of "Reserve Parkers" at any time since August 13, 2006 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates

not less than one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

14. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately one hundred (100) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15. Plaintiff Spencer will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff Spencer has no interest that is contrary to or in conflict with the Collective Action Members.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

17. Questions of law and fact common to the Collective Action Members predominate over questions that may affect only individual members because Defendants

4

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Spencer and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants misclassified the Collective Action Members as independent contractors;

e. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff and the Collective Action Members are employed, violating C.F.R. § 516.4;

f. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

g. whether Defendants misclassified the Collective Action Members as exempt from overtime;

h. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

i.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

j.      whether Defendants should be enjoined from such violations of the FLSA in the future; and

k.      whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff Spencer sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

19.     Plaintiff Spencer brings his NYLL claims on behalf of all persons who Defendants are employing and have employed who hold or held the tile of "Reserve Parkers" at any time since August 12, 2006, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who have not been paid overtime wages, violating the NYLL (the "Rule 23 Class Members").

20.     The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately one hundred (100) Rule 23 Class Members exist during the Class Period.

21.     Plaintiff Spencer's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient

adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

22.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23.     Plaintiff Spencer is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

24.     Plaintiff Spencer has the same interest in this matter as all other members of the class and Plaintiff Spencer's claims are typical of the Rule 23 Class.

25.     Questions of law and fact common to the Rule 23 Class exist that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

a.      whether the Defendants employed Plaintiff and the Rule 23 Class Members within the meaning of the NYLL;

b.      whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Rule 23 Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed and/or refused to pay Plaintiff Spencer and the Rule 23 Class Members premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

e.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the NYLL in any area where Plaintiff Spencer and the Rule 23 Class Members are employed;

f.   whether Defendants misclassified the Plaintiff Spencer and the Rule 23 Class Members as independent contractors;

g.   whether Defendants misclassified Plaintiff Spencer and the Rule 23 Class Members as exempt from overtime;

h.   whether Defendants failed to provide Plaintiff Spencer and the Rule 23 Class Members the required notice under NYLL § 195.1;

i.   whether Defendants failed and/or refused to reimburse members of the Rule 23 Class for their work-related expenses and made unlawful deductions from their wages, violating the NYLL;

j.   whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

k.   whether the Defendants should be enjoined from such violations of the NYLL in the future.

## STATEMENT OF FACTS

26.   At all relevant times, upon information and belief, Defendants own and operate a business that places traffic cones on the street to divert traffic from particular areas, largely to allow for construction to be performed.

8

27.     Upon information and belief, Defendants' provide their services in all of New York City's five boroughs, Westchester and Yonkers, New York, and their primary client is Consolidated Edison, Inc. ("ConEd").

28.     Defendants employed Plaintiff Spencer as a Reserve Parker from October 2009 to the present.

29.     Plaintiff Spencer's primary duties and, upon information and belief, the primary duties of the Rule 23 Class and Collective Action Members involved placing cones on streets to divert traffic away from particular areas and then often staying at that location in their personal cars until they are instructed to collect the cones.

30.     The work performed by Plaintiff Spencer required little skill and no capital investment, and their duties did not include managerial responsibilities or the exercise of independent judgment.

31.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members would keep the necessary cones for their assignments in their personal cars, would drive their cars to the necessary location, and would sometimes have to sit in their cars during winter nights to collect the cones after the construction was completed.

32.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members would pay for their own gas when working for Defendants and Defendants did not reimburse them.

33.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members would pay for the tolls when working for Defendants and Defendants did not reimburse them.

34.     A car is required for the Reserve Parker position.

35.     Defendants would deduct from the wages of Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members the cost of replacing a cone when they would lose one.

36.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members would receive their work assignments from Defendants' dispatcher who would direct them where to go.

37.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members would track their hours worked by calling into the dispatcher and by completing time sheets.

38.     Throughout the time Defendants employed Plaintiff Spencer and, upon information and belief, both before that time and continuing until today (the Class Period and Collective Action Period), Defendants have likewise employed other individuals like Plaintiff Spencer (the Rule 23 Class and Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

39.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members were paid an hourly rate.

40.     Plaintiff Spencer's initial hourly rate was $10.00 and is now $12.00.

41.     Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members regularly worked forty-five (45) or more hours per workweek, and would sometimes work twenty-four shifts.

42.     Defendants did not pay Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members weekly; they were paid bi-weekly (every two weeks).

43.     Defendants paid Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members a maximum of eighty (80) hours per two weeks, regardless of whether they worked more than forty (40) hours in one week or eighty (80) hours in two weeks.

44.     When Plaintiff Spencer and the Rule 23 Class and Collective Action Members worked more than eighty (80) hours per two weeks, Defendants would then allocate any hour they worked above eighty (80) to the following pay period, so the pay statements for Plaintiff Spencer and the Rule 23 Class and Collective Action Members continuously showed a maximum of eighty (80) hours per workweek.

45.     Defendants did not pay Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members premium pay of one and one-half (1 ½) times their regular rate of pay for any hours they worked in excess of forty (40) ("overtime").

46.     Upon information and belief, Defendants' payroll practice was designed to avoid informing Plaintiff Spencer and the Rule 23 Class and Collective Action Members that they had worked more than forty (40) hours per workweek and thereby entitled to overtime and thereby entitled to overtime premium pay.

47.     Throughout the Class and Collective Action Period, upon information and belief, Defendants failed to maintain accurate and sufficient time records.

48.     Throughout the Class and Collective Action Period, Defendants misclassified the Rule 23 Class and Collective Action Members as independent contractors.

49.     While working for Defendants, Plaintiff Spencer did not see any poster or notice in any area where they worked notifying them or explaining to them their minimum wages and overtime pay rights under the NYLL and FLSA.

50.     Between January 1, 2012 and February 1, 2012, Plaintiff Spencer and, upon information and belief, the Rule 23 Class and Collective Action Members did not receive from Defendants a Notice and Acknowledgement of Pay Rate and Payday under Section 195.1 of the NYLL.

51.     In or about the end of July 2012, Plaintiff Spencer informed his supervisor and other employees of Defendants that he intends to bring a lawsuit against Defendants for their failure to pay the Rule 23 and Collective Action Members overtime.

52.     A few days after engaging in the protected conduct of complaining to his supervisor and other employees of Defendants about Defendants' unlawful wage practices, Defendants stopped scheduling Plaintiff Spencer for work.

53.     Defendants stopped scheduling Plaintiff Spencer for work because he complained about Defendants' unlawful wage practices and informed Defendants that he intends to file a suit against him for unpaid overtime.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff Spencer and the Collective Action Members)

54.     Plaintiff Spencer repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

55.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff Spencer and the Collective Action Members within the meaning of the FLSA.

57.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

58.     Plaintiff Spencer consents in writing to be a party to this action under 29 U.S.C. §216(b). Plaintiff Spencer's written consent is attached hereto and incorporated by reference.

59.     Defendants were required to pay Plaintiff Spencer and the Collective Action Members no less than one and one-half (1 ½) times the regular rate at which Plaintiff Spencer was employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

61. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

62. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff Spencer and the Collective Action Members were employed, violating 29 C.F.R. § 516.4.

63. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff Spencer and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

65. As a result of Defendants' violations of the FLSA, Plaintiff Spencer and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION

#### NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiff Spencer and the Rule 23 Class)

66. Plaintiff Spencer repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

67.     Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Spencer and the Rule 23 Class Members.

68.     Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Spencer and the Rule 23 Class one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40).

69.     Defendants failed to pay the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

70.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class the correct amount of overtime wages.

71.     Due to Defendants' violations of the NYLL, Plaintiff Spencer and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW – RECORDKEEPING VIOLATIONS
(Brought on Behalf of Plaintiff Spencer and the Rule 23 Class Members)

72.     Plaintiff Spencer repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

73.     Defendants have willfully failed to supply Plaintiff Spencer and the Rule 23 Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Section 195.1 of the NYLL, violating NYLL § 195.

74.     Due to Defendants' violations of the NYLL, Plaintiff Spencer and the Rule 23 Class Members are entitled to recover from Defendants one hundred dollars for

each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION

### NEW YORK LABOR LAW – UNLAWFUL DEDUCATIONS AND FAILURE TO REIMBURSE WORK-RELATED EXPENSES
(Brought on Behalf of Plaintiff Spencer and the Rule 23 Class Members)

75.     Plaintiff Spencer repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

76.     Defendants failed to pay Plaintiff Spencer and the Rule 23 Class Members the full amount of their wages as a result of deductions for work-related expenses and failing to reimburse them for work-related expenses, violating NYLL Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

77.     Defendants have willfully failed to reimburse Plaintiff Spencer and the Rule 23 Class Members for work-related expenses they incurred during their course of employment for Defendants.

78.     Defendants have willfully deducted from the wages of Plaintiff Spencer and the Rule 23 Class Members work-related expenses.

79.     Due to Defendants' violations of the NYLL, Plaintiff Spencer and the Rule 23 Class Members are entitled to recover from Defendants their unpaid work-related expenses and reimbursement for unlawful deductions, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FIFTH CAUSE OF ACTION

### NEW YORK LABOR LAW – RETALIATION
### (BROUGHT ON BEHALF OF PLAINTIFF SPENCER)

80.     Plaintiff Spencer repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

81.     Plaintiff Spencer is an employee within the meaning of NYLL § 215.

82.     Defendants are employers within the meaning of NYLL § 215.

83.     While employed by Defendants, Plaintiff verbally complained to Defendants about Defendants' practice, policy and procedure of not paying overtime and informed them that he intends to file a lawsuit to recover the unpaid overtime.

84.     Plaintiff's verbal complaint to Defendants constitutes protected activity under the NYLL.

85.     Within approximately one week after complaining to Defendants about their unlawful practices, Defendants retaliated against Plaintiff by not scheduling him for work, despite other employees of Defendants who did not engage in any protected conduct being scheduled for work.

86.     Upon information and belief, Defendants' decision not to schedule Plaintiff Spencer for work was motivated by his complaint about Defendants' practice, policy and procedure of not paying overtime and by him informing Defendants that he intends to file suit against them for the unpaid overtime.

87.     A causal connection exists between Plaintiff's verbal complaint to Defendants and Defendants' decision not to schedule him for work.

88.     Defendants violated NYLL § 215 by retaliating against Plaintiff Spencer for complaining to Defendants about their practice, policy and procedure that violates the NYLL.

## SIXTH CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – RETALIATION
### (BROUGHT ON BEHALF OF PLAINTIFF SPENCER)

89.     Plaintiff Spencer repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

90.     Plaintiff Spencer is an employee within the meaning of 29 U.S.C. § 215(a)(3) of the FLSA.

91.     Defendants are employers within the meaning of 29 U.S.C. § 215(a)(3) of the FLSA.

92.     While employed by Defendants, Plaintiff verbally complained to Defendants about Defendants' practice, policy and procedure of not paying overtime, violating the FLSA, and informed them that he intends to file a lawsuit to recover the unpaid overtime.

93.     Plaintiff's verbal complaint to Defendants constitutes protected activity under the FLSA, as recently confirmed in *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1330 (U.S. 2011).

94.     Within approximately one week after complaining about Defendants' unlawful practices, Defendants retaliated against Plaintiff Spencer by not scheduling him for work.

95.     Upon information and belief, Defendants' decision not to schedule Plaintiff for work was motivated by his complaint about Defendants' practice, policy and

18

procedure of not paying overtime and by him informing Defendants that he intends to file suit against them for the unpaid overtime.

96.     A causal connection exists between Plaintiff's verbal complaint to Defendants and Defendants not scheduling him for work.

97.     Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA by retaliating against Plaintiff for complaining to Defendants about their practice, policy and procedure that violates the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Spencer, on behalf of himself and the Rule 23 Class and Collective Action Members, respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff Spencer and his counsel to represent the Rule 23 Class;

b.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Spencer and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award of unpaid overtime compensation under the FLSA and NYLL, and for reimbursement for business-related expenses and for unlawful deductions under the NYLL;

f.      An award for failing to provide the required wage notice under the NYLL;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation under 29 U.S.C. § 216;

h.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to reimburse for business-related expenses under the NYLL;

i.      Equitably tolling the statute of limitations under the FLSA;

j.      An award of front back, back pay, punitive damages and interest for Plaintiff Spencer's individual claims;

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Spencer demands a trial by jury on all

questions of fact the Complaint raises.


Dated: New York, New York
      August 15, 2012

                    BRONSON LIPSKY LLP

                    By _____

                      Douglas Lipsky (DL-9372)
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    Phone: 212.392.4772
                    Fax: 212.444.1030
                    dl@bronsonlipsky.com

                    Jeffrey M. Gottlieb (JG-7905)
                    nyjg@aol.com
                    Dana L. Gottlieb (DG-6151)
                    danalgottlieb@aol.com
                    GOTTLIEB & ASSOCIATES
                    150 East 18th Street, Suite PHR
                    New York, New York 10003
                    Phone: 212.228.9795
                    Fax: 212.982.6284

                    *Attorneys for Plaintiff Spencer and the*
                    *Putative Class Members*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _No Verking Today, Inc._ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Spencer, D_    _7/25/10_    _Darrell Spencer_

Signature      Date      Print Name


and Clayton Thomas