**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC# _____
DATE FILED: 9/9/13

**Marino & Veneziano**
**ATTORNEYS AT LAW**
**163 West 71ST Street**
**New York, New York 10023**



RECEIVED
SEP 06 2013
CHAMBERS OF
ANDREW J. PECK

Amelio P. Marino         (212) 873-7297        Fax: (212) 721-9060
Ronald J. Veneziano      (212) 873-7298

September 3, 2013

Honorable Andrew J. Carter, Jr. USDJ
U.S. District Court
Southern District of New York
500 Pearl Street-Room 725
New York, NY 10007

**MEMO ENDORSED —**
*ATTACHED*

Re: Spencer v. No Parking Today, Inc.
1:12CV6323(A.LC) (AJP)

Dear Judge Carter:

I am responding to the letter of Douglas B. Lipsky dated August 27, 2013 where he is requesting the Court to exercise its inherent authority to add three class representatives under Fed. R. Civ. P. 23(a)(4).

There is no need to state the Federal ridges have wide discretion. However, the request by Douglas B. Lipsky does not warrant such wide discretion by a Judge. Douglas B. Lipsky does not mention Rule 25 of the Fed. R. Civ. P.

Rule 25. It is mandatory that before any part of Rule 23 is or is not applied

Rule 25 must be analyzed to determine is plaintiff has met the criteria as itemized in Rule 25. The criteria as set forth in Rule 25 has not been met by the plaintiff for the substation of a party.

The plaintiff "Spencer" has been arrested. The attorney Douglas B. Lipsky does not give any information of the arrest; of the charges; of the bail conditions; etc. It appears that "Spencer" credibility has been compromised and the reason that Douglas B. Lipsky would like to replace "Spencer" is because "Spencer" credibility has be compromised.

The argument made by Douglas B. Lipsky that a replacement for "Spencer" would then not delay any trial schedule. Douglas B. Lipsky failed to disclose to the Court that the facts of this case. The arrest on one of the parties to the action is not a new situation. Douglas B. Lipsky has other options. He can make arrangements to have "Spencer" produced in Court so that he may testify. The assumes that "Spencer" is still in jail. It appears that "Spencer" was arrested on a relatively minor charge (arrested in an automobile). It is important to remember that "Spencer" can be brought to Court by a Court Order to testify in this case.

Rule 25 Fed. R. Civ. P substitution of parties does not have an arrest as one of the criteria for substitution of a party. It would appear that before this Court even analyze Fed. R. Civ. P. 23(a)(4) it must first determine if Rule 25 Fed. R. Civ. P. applies. It is my position the plaintiff has not met any of the criteria's set

out in Rule 25 and therefore this application by the plaintiff's attorney should be denied.

In addition, Douglas B. Lipsky only cites Rule 23 - class actions and does not discuss the four criteria's and only discuss (a)(4) and then proceeds to claim that the defendants are not entitled to depositions of the proposed 3 new plaintiffs. The arguments of the plaintiff's attorney are again without merit. The defendant s are entitled to dispositions of all new proposed parties. The fact that the defendants did not have depositions of "Spencer" does not in way mean that they now waive their right to a deposition of the proposed 3 new plaintiffs.

The plaintiff's attorney continually mentions settlement discussions.

I have already stated to the attorney that I making every attempt to settle this case. However, the Insurance Company has indicated to me that they have only $200,000.00 available for settlement. This settlement figure was already made to the attorney and he rejected anything less than his demand.

Rule 23(a)(4) is discussed at length by the law firm of Douglas B. Lipsky. The attorney has the responsibility and burden to convince this Court that the 3 additional individuals are typical plaintiffs and adequate for class representations. We have absolutely no idea what the job description is for these three individuals and whether their job description are typical and adequate for class representation.

A deposition of all 3 individuals must be ordered in order to determine

whether these three individuals have the proper standing to represent the class and whether these 3 individuals are typical plaintiffs and adequate class representatives. There is no logical reason to add other individuals as plaintiff when the attorneys already have "Skinner" as the designated plaintiff. We have no idea whether the 3 individuals are typical and may not be adequate representatives. It is my position, that the attorneys are requesting to add the 3 individuals so they do not have to use "Skinner". It is nothing more than a "ruse" or a "ploy" so the attorneys do not have to call "Skinner" to testify. The attorneys in effect are not calling this application a Rule 25 application but are deliberately using Rule 23(a)(4).

The plaintiff had a choice as could have proceeded with this case under "Skinner" but instead chose to add additional plaintiffs as a strategic decision in order to help their case.

The defendants were not the ones that caused this delay and therefore should not be penalized in any manner.

The defendants are entitled to depositions of all 3 possibly new plaintiffs and should be allowed to depose all 3 new plaintiffs. It is not even clear that the proposed new (3) plaintiffs have sufficient knowledge regarding basic facts of this case. We have no evidence that the (3) proposed plaintiffs have a basic understanding of the litigation and therefore can not be adequate class

representatives.

Therefore, at this point, this case cannot be settled and we apposing the addition of any new plaintiffs.

Wherefore, it is respected that this Court deny all of plaintiff's request.

Respectfully,

*Amelio P. Marino* (signature)

Amelio P. Marino

cc:   Honorable Andrew J. Peck
      United State Court
      Southern District of New York
      500 Pearl Street
      New York, NY 10007

cc:   Douglas Lipsky
      Bronson Lipsky
      630 Third Avenue
      5th floor
      New York, NY 10017

cc:   Jeffrey M. Gottlieb and Dana L. Gottlieb
      150 East 18th Street
      Suite PHR
      New York, NY 10003

MEMO ENDORSED ORDER, 12 civ. 6323(ALC)(AJP)

The Court provisionally allows plaintiff to add Banfield, Singleton and Thompson as additional class representatives, along with original named plaintiff Spencer.

This obviates defendants claim of prejudice because defendant can still impeach Spencer about his arrest (if that is even permissible area of cross-examination, if it is merely an arrest and not a conviction). Defendant also claims that although it never deposed Spencer or the opt-in plaintiffs (inc. these 3 opt-ins) it now should be allowed to depose the 3 new plaintiffs. The Court reluctantly will allow those depositions (obviously, at defendants' expense), but they must be conducted before Sept. 19. Any arguments based on the deposition transcripts as to the adequacy of the 3 new plaintiffs are to be raised and will be resolved at the existing Sept. 20 conference.

Defense counsel should be embarrassed at the sloppy letter he sent the Court. There can be no excuse for this.

Dated: New York, New York
       September 9, 2013

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy ECF: All Counsel
          Judge Carter

BY ECF