UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DARRELL K. SPENCER, Individually and on
Behalf of All Other Persons Similarly Situated,

                       Plaintiff,

          v.

NO PARKING TODAY, INC. and CLAYTON
THOMAS, Jointly and Severally,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

ECF CASE

1:12-cv-6323 (ALC) (AJP)

DECLARATION OF DOUGLAS B. LIPSKY

DOUGLAS B. LIPSKY, hereby declares to the Court as follows:

1.      I am a member of the Bar of this Court and a partner of the law firm Bronson

Lipsky LLP, attorneys for Plaintiff Darrell K. Spencer ("Plaintiff") and the Court-appointed

Class Counsel.

2.      I submit this Declaration in support of Plaintiff and the Class Members'

unopposed motion for preliminary approval of the class action settlement agreement, approval of

the proposed notice of settlement, and the scheduling of a final fairness hearing (the "Motion").

3.      I know the facts testified to in this Declaration to be true based on my own

personal knowledge and a review of the documents.

A.      Investigation of the Class Claims

4.      The parties engaged in meaningful formal discovery before agreeing to resolve

this case.  This included Class Counsel discussing with Plaintiff Spencer and other Class

Members their duties, claims, hours worked, the compensation they received, the wage notices

received, and Defendants' defenses to these claims.  This also included deposing No Parking Today's Rule 30(b)(6) designee (Defendant Thomas), Defendants deposing the Class Representatives, and the Class obtaining through formal discovery Defendants' payroll and time keeping policies.

5.      As part of their investigation, Class counsel's forensic accountant, David Weiss, C.P.A. reviewed and analyze Defendants' financial records.

6.      Through this investigation, Class Counsel was able to analyze the strengths and weaknesses of the Class Members' claims and Defendants' defenses.

7.      During this investigation, Class Counsel considered the substantial expense and length of time necessary to prosecute the litigation through trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation.  In considering these factors, Class Counsel made an informed decision that it is in the best interest of Plaintiff, and the Class Members to settle this matter on the terms described in the Settlement Agreement and Release (the "Agreement"), and the Agreement is fair, reasonable and adequate to the class members.  A true and correct copy of the Agreement is attached hereto as Exhibit A.

B.      Settlement Negotiations

8.      On January 28 and February 7, 2014, Defendant Thomas and the Class Representatives attended all-day mediation sessions with the Court-appointed mediator: The Honorable Kathleen A. Roberts.  During these sessions, the parties vigorously debated the claims and defenses, reviewed Defendants' time and wage records, and financial statements.  As questions remained regarding Defendants' financial condition, following the March 7, 2014 status conference with the Court, Defendants provided additional financial records, which Class

Counsel's accountant consultant, David H. Weiss, C.P.A., reviewed.  The parties reached a settlement in principle after these remaining documents were produced.  After much back-and-forth, on June 23, 2014, the Parties agreed upon and fully-executed the Settlement Agreement, which is attached hereto as Exhibit A.

9.      As part of these terms and conditions, the parties have negotiated the timing and allocation of the payments, the scope of the release and the nature and content of the Settlement Notice, which is Exhibit A to the Agreement.

10.      In Class Counsel's estimation, the settlement represents a meaningful percentage of the recovery that Plaintiff and the Class Members would have achieved had they prevailed on all of their claims and survived a trial and appeal.  Based on their experience, Plaintiff Spencer and the Class Representatives' responses, Class Counsel anticipates the Class Members will react favorably to this settlement upon being informed of the terms.

11.      In agreeing to the Agreement, Class Counsel considered a substantial risk exists that, if this suit proceeded, Defendants may move to decertify the class, and that, even if the motion was denied, the Class Members might not have prevailed on any or all of their claims. Class Counsel also considered the likelihood that Defendants would appeal any adverse rulings, which would, at a minimum, substantially delay any recovery and present a risk that such rulings would be reversed in its favor.

12.      After several iterations, the parties fully executed the Agreement on June 23, 2014.

13.      The Agreement is fair and reasonable.

C.      Calculation of Individual Settlement Amounts

14.     The class members who are eligible to receive payments under the Settlement Agreement are those who do not opt-out of the settlement ("Qualified Class Members").

15.     The Agreement creates a $450,000.00 fund to settle this case (the "Gross Settlement Sum"), which covers class members' awards, service payments for Plaintiff Spencer and the Class Representative, attorneys' fees and costs, and taxes.  75% of any funds unclaimed after the claims period shall revert to Defendants; the remaining 25% shall be distributed to the Authorized Claimants on a *pro rata* basis as specified below.  The "Net Settlement Sum" means the Gross Settlement Sum less the amounts awarded to Class Counsel for attorneys' fees and reimbursable expenses, the service awards to Spencer and the three Class Representatives, and Spencer's settlement payment for his individual claims.

16.     The Authorized Claimants' settlement payments depend on two calculations: their individual settlement payment calculation and the reversion payment calculation.  The individual payment is calculated using the following formula: the total number of weeks worked by the Authorized Claimant is divided by the total weeks worked by all Settlement Class Members to obtain a percentage of the weeks worked during the settlement period; and this percentage is multiplied by the Net Settlement Sum to obtain the appropriate dollar amount allocated to that Authorized Claimant.  The reversion payment is calculated under the following formula: an Authorized Claimant's Individual Settlement is divided by the total Individual Settlements for every Authorized Claimant; and this percentage is multiplied by 25% of the Reversion to calculate each Authorized Claimant's share of the Reversion.   The total amount Authorized Claimants will receive is their individual payment plus their reversion payment.

-4-

17.     The Authorized Claimant's settlement payments will include their claims under the FLSA and the NYLL.

D.     Conclusion

18.     These settlement terms are fair, reasonable, and adequate.

I hereby declare that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated: New York, New York
       June 30, 2014

                                   s/ Douglas B. Lipsky
                                   Douglas B. Lipsky
                                   BRONSON LIPSKY LLP
                                   630 Third Avenue, Fifth Floor
                                   New York, New York 10017
                                   Phone:  212.392.4772
                                   Fax:  212.444.1030
                                   dl@bronsonlipsky.com

                                   *Attorneys for Plaintiff and the Class Members*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| DARRELL K. SPENCER, Individually and on Behalf of All Other Persons Similarly Situated, | ECF CASE |
| Plaintiff, | 1:12-cv-6323 (ALC) (AJP) |
| v. | |
| NO PARKING TODAY, INC. and CLAYTON THOMAS, Jointly and Severally, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement and Release") is entered into between Plaintiff Darrell K. Spencer as an individual on behalf of all Settlement Class Members as defined herein and No Parking Today, Inc., on its own behalf, and on behalf of its present and former parent companies, directors, officers, members, managers, employees, agents, attorneys, and all subsidiaries, affiliates, joint ventures, partners, predecessors, shareholders, insurers, successors, and assigns, and Clayton Thomas as an individual and his respective agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, and successors-in-interest (collectively, "Defendants"), and is subject to the terms and conditions hereof and the final approval of the U.S. District Court for the Eastern District of New York (the "District Court").

## DEFINITIONS

1.     Action. The "Action" means the class and collective action complaint filed by Plaintiff Darrell K. Spencer in the United States District Court for the Southern District of New York, entitled *Darrell K. Spencer v. No Parking Today, Inc. and Clayton Thomas*, Case No. 1:12-CV-6323 (ALC) (AJP), which is currently pending.

-1-

2.      <u>Settlement Class or Settlement Class Members</u>:  For purposes of this Settlement Agreement, the "Settlement Class" shall be defined as follows:  all individuals whom Defendants have employed or are employing who hold or held the title of "parking assistant" or "reserve parker" at any time from August 13, 2006 to February 7, 2014.  "Settlement Class" collectively refers to those persons to be conditionally certified by the Court solely for the purpose of effectuating this Agreement. Settlement Class Members include all individuals within the Settlement Class.  The Settlement Class shall consist of the following individuals and shall be defined as follows:

a.      Rule 23 Settlement Class: any and all individuals whom Defendants have employed or are employing who hold or held the title of "parking assistant" or "reserve parker" at any time from August 13, 2006 to February 7, 2014;

b.      FLSA Settlement Class: refers to any and all individuals whom Defendants have employed or are employing who hold or held the title of "parking assistant" or "reserve parker" at any time from February 7, 2011 to February 7, 2014.

3.      <u>Authorized Claimant</u>.  "Authorized Claimant" means any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement.

4.      <u>Agreement or Settlement Agreement</u>.  "Agreement" or "Settlement Agreement" shall refer to the instant Class Action Settlement Agreement.

5.      <u>Claim Form</u>.  "Claim Form" means the Proof of Claim, which is to be mutually agreed upon by the Parties and is to be used by Settlement Class Members who choose to file a claim in the Action.  A copy of the Claim Form is attached hereto as Exhibit B.

6.      Bar Date: "Bar Date" is the date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members.  Settlement Class Members must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant.

7.      Claim Submission Period.  The "Claim Submission Period" means the period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date.  The Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant.

8.      Claims Administrator.  "Claims Administrator" means Simpluris, Inc., or such other entity, agreed upon by the Parties, who will perform all of the administrative duties assigned below in Paragraphs 53, 55 through 57.

9.      Class Counsel:  "Class Counsel" shall mean Douglas B. Lipsky of Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates.

10.     Class Counsel's Fees.  "Class Counsel's Fees" means the total amount of Class Counsel's attorney's fees to be approved by the Court upon Class Counsel's application, in an amount not to exceed 33.33% of the Maximum Gross Settlement Amount.  This amount is included in the Maximum Gross Settlement Amount.  Class Counsel, however, reserves the right to apply to the Court for additional fees in the event meaningful efforts are necessary to enforce the terms of this Agreement, including, by way of example and not by limitation, a motion to enforce the terms of this Agreement, and to have the Court enter the Consent Judgment (attached hereto as Exhibit C).

11.     <u>Class Counsel's Costs</u>. "Class Counsel's Costs" means the total amount of Class Counsel's attorney's costs and expenses, including but not limited to, postage, filing fees, copying, and other litigation costs, to be approved by the Court upon application by Class Counsel. This amount is included in the Maximum Gross Settlement Amount. Class Counsel, however, reserves the right to apply to the Court for additional costs in the event meaningful efforts are necessary to enforce the terms of this Agreement, including, but not limited to, a motion to enforce the terms of this Agreement, and to have the Court enter the Consent Judgment.

12.     <u>The Court</u>. The "Court" refers to the United States District Court Southern District of New York, the Honorable Andrew L. Carter Jr., U.S.D.J., presiding.

13.     <u>Class Representatives.</u> "Class Representatives" refers to Gilmore Thompson, Andre Banfield and Lithaniel Singleton, who are the three (3) additional Court-appointed class representatives.

14.     <u>Named Plaintiff</u>. "Named Plaintiff" refers to Darrel K. Spencer who, together with Class Counsel and the Class Representatives, covenant and represent they are the duly-authorized legal agents for the Settlement Class Members, and, upon Court approval, will serve as the duly-authorized legal agents for the Rule 23 Settlement Class and the FLSA Settlement Class, with respect to the Action and this Agreement, and that, upon Court approval, they will act as legal representatives for the Rule 23 Settlement Class and the FLSA Settlement Class, and make decisions on their behalf concerning the Action, the method and manner of conducting the Action, and the execution of this Agreement on behalf of the Settlement Class.

15.     <u>Defendants</u>. "Defendants" means No Parking Today, Inc., on its own behalf, and on behalf of its present and former parent companies, directors, officers, members, managers,

employees, agents, attorneys, and all subsidiaries, affiliates, joint ventures, partners, predecessors, shareholders, insurers, successors, and assigns, and Clayton Thomas as an individual and his respective agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, and successors-in-interest.

16.    <u>Parties</u>. "Parties" refers to the Named Plaintiff and Defendants and, in the singular, refers to any of them, as the context makes apparent.

17.    <u>Preliminary Approval Order</u>. "Preliminary Approval Order" is the Order entered and filed by the Court that preliminarily approves the Agreement's terms and conditions, including the manner and content of providing notice to the Class.

18.    <u>Final Approval Order</u>. "Final Approval Order" refers to the Order entered and filed by the Court that finally approves the Agreement's terms and conditions, directs consummation of its terms and provisions, and dismisses the Action on the merits with prejudice.

19.    <u>Final Effective Date</u>. "Final Effective Date" refers to the first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date passes; (iii) the Court enters a Final Approval Order; (iv) the deadline passes without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order expires and no Notice of Appeal is filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order remains intact in all material respects; and (vi) the Final Fairness Hearing occurs. The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise herein.

20. <u>Final Fairness Hearing</u>. "Final Fairness Hearing" means the hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as are contemplated by this Agreement. The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors. To allow for all the events set forth in this Agreement to occur, the Parties shall request the Court schedule the Final Fairness Hearing for at least one hundred thirty (130) days after entering the Preliminary Approval Order.

21. <u>Final Judgment</u>. "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order dismissing the Action with prejudice. The Parties shall submit an order of Final Judgment setting forth this Agreement's terms, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Fairness Hearing or at such other time as the Court deems appropriate.

22. <u>Claims Payment</u>. "Claims Payment" shall mean the total amount Defendants must pay to fund the Settlement following Final Judgment and the Final Effective Date, including all Settlement Payments, attorneys' fees, costs, distributions and Service Payments to Class Representatives and Named Plaintiff, as well as Named Plaintiff's General Settlement Payment.

23. <u>FLSA Released Claims</u>. "FLSA Released Claims" refers to the released claims set forth in Paragraphs 42, 46, and 47.

24. <u>FLSA Releasing Persons</u>. "FLSA Releasing Persons" means each and every member of the FLSA Settlement Class and his or her respective agents, heirs, beneficiaries,

devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns who submits a timely and valid Claim Form.

25.    Gross Settlement Sum or GSS. This settlement shall be on a claims-made basis. The "Gross Settlement Sum" or "GSS" is Four Hundred Fifty Thousand Dollars and Zero Cents ($450,000.00) and represents the maximum total payment that Defendants will pay under this Agreement for Final Settlement Payments, Class Counsel's Fees, Class Counsel's Costs, Service Payments, and Named Plaintiff's General Settlement Payment. Defendants may be required to pay more than this amount in the event the Settlement Expenses (defined below in paragraph 38) exceed the Reversion (defined below in paragraph 32).

26.    Net Settlement Sum or NSS. "Net Settlement Sum" or "NSS" means the Gross Settlement Sum less the amounts awarded to Class Counsel for both attorneys' fees and costs, the Service Payments to Named Plaintiff and the Class Representatives, and Named Plaintiff's General Settlement Payment.

27.    Objection Period. "Objection Period" refers to the period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date. Settlement Class Members must file an objection so that it is post-marked by the Bar Date to be considered timely.

28.    Objector. "Objector" is a member of the Settlement Class who has timely and properly objected to the Agreement during the Claim Submission Period.

29.    Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing. "Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing" refers to the order of the Court: (i) asserting jurisdiction over the claims alleged, the Parties in the Action, and the implementation and administration of this Agreement; (ii)

authorizing notice of the proposed settlement set forth in this Agreement (or as the same may be modified by subsequent mutual agreement of the Parties) as adequate, fair, and reasonable and in the best interests of Plaintiff and the Settlement Class; (iii) preliminary certifying under Fed. R. Civ. P. 23 and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") the Settlement Class for purposes of settlement only; (iv) appointing Darrel K. Spencer, Gilmore Thompson, Andre Banfield and Lithaniel Singleton as lead Plaintiffs, who together with Class Counsel, shall be authorized to act on behalf of Plaintiff and the Settlement Class with respect to the Action and this Agreement; (v) appointing Class Counsel as counsel for the Settlement Class under Fed. R. Civ. P. 23(g) and authorizing notice that Class Counsel requests an award of $150,000.00 in attorneys' fees for Class Counsel's Fees and requests an award of Class Counsel's Costs of $3,275.91; (vi) appointing Simpluris, Inc. as the Parties' Claims Administrator; (vii) approving the form and content and authorizing distribution of the Settlement Notice and Claim Form and setting a sixty (60) day deadline for the execution and return of Claim Forms, filing of objections, or opting out; and (viii) setting the hearing date for the Final Fairness Hearing. A proposed Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing will be attached as Exhibit A to the Notice of Motion for Preliminary Approval of this Agreement.

30.     Potential Settlement Payment. "Potential Settlement Payment" refers to calculations set forth in section 48.

31.     Released Claims. "Released Claims" refers to Rule 23 Released Claims and FLSA Released Claims.

32.     Reversion. "Reversion" refers to the amounts allocated from the NSS as set forth herein that are not claimed because a Settlement Class Member does not submit a timely and

valid Claim Form or opts-out of this Settlement. 25% of the Reversion will be allocated to the Authorized Claimants under the formula set forth in paragraph 48.b. and the remaining 75% will revert back to the Defendants. To the extent it can fully satisfy it, the Settlement Expenses (as specified below in paragraph 38) shall be paid from Defendants' 75% of the Reversion. If the Settlement Expenses exceed Defendants' 75% of the Reversion, Defendants shall be fully and solely responsible for the additional Expenses and shall pay that amount directly to the Claims Administrator.

33.     Rule 23 Released Claims. "Rule 23 Released Claims" refers to the released claims set forth in Sections 42, 46, and 47.

34.     Released Parties. "Released Parties" refers to Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action.

35.     Rule 23 Releasing Persons. "Rule 23 Releasing Persons" means each and every member of the Rule 23 Settlement Class and his or her respective agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns.

36.     Service Payments. "Service Payments" mean the amounts to be approved by the Court for payment to the Named Plaintiff and Class Representatives in recognition of their

efforts on behalf of the Settlement Class in the Action. The allocation of the Service Payments has been determined based upon the amount of time expended by the Named Plaintiff and Class Representatives in actively pursuing this Action, and shall include $10,000.00 to be paid out to Darrel K. Spencer, and $7,500.00 to be paid to each Gilmore Thompson, Andre Banfield and Lithaniel Singleton. These awards reflect the work they have performed in assisting Class Counsel with this litigation and pursuing this litigation, including in-person and telephonic conferences with Class Counsel, assisting with drafting and responding to discovery requests; assisting with Plaintiff's motion for class certification and to conditionally certify the collective action; attending multiple mediation conferences with The Honorable Kathleen Roberts (Ret.), and speaking with other Settlement Class Members.

37.    The Service Payments shall be in addition to any amount to which the Named Plaintiff and Class Representatives may be entitled to receive through a claim submitted as to the Settlement Fund.  To be eligible for a Service Payment, the Named Plaintiff and Class Representatives shall execute a copy of this Settlement Agreement releasing any and all wage and hour and related claims, including those alleged in the Litigation, up to and including the Final Effective Date. Class Counsel shall secure the execution of this Settlement Agreement by the above listed Named Plaintiff and Class Representatives by May 9, 2014, the deadline for submission of the Settlement Agreement, and if, the Court requires revisions to the Agreement, then again prior to the date of submission of the revised Agreement.

38.    Settlement Expenses.  "Settlement Expenses" means the reasonable fees, costs, and expenses incurred by the Claims Administrator in performing the services authorized in this Settlement Agreement. The Claims Administrator will submit an all-inclusive budget to counsel for the Parties for their approval before performing any claims administrative services.

Settlement Expenses are to be paid from Defendants' 75% of the Reversion (defined above in paragraph 32) to the extent Defendants' 75% of the Reversion is large enough to satisfy these Expenses in full. To the extent the Settlement Expenses exceed Defendants 75% of the Reversion, Defendants are solely responsible for the difference between their 75% of the Reversion and the Settlement Expenses.

39. <u>Settlement Notice</u>. "Settlement Notice" refers to the notice substantially in the form of Exhibit A to be directed to Settlement Class Members and to explain the Settlement and Settlement Class Members' options sent to the class following preliminary approval, which are to be mutually agreed upon by the Parties and are to be used to notify Class Members of the Settlement.

40. <u>Settlement</u>. "Settlement" shall refer to the agreement of the Parties to settle the claims as set forth and embodied in this Agreement.

41. <u>Settlement Payment</u>. "Settlement Payment" means the payment to an Authorized Claimant under the terms of this Agreement.

42. <u>Settled Claims</u>. "Settled Claims" means any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiff, Class Representatives or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types

of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. The Final Judgment shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Settled Claims in the future.

43.     Settlement Formula.  "Settlement Formula" means the method agreed upon by the Parties to calculate Settlement Payments as set forth in Paragraph 48.

### TERMS AND CONDITIONS

44.     NOW THEREFORE, in consideration of the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set herein, the Named Plaintiff and Class Representatives, individually and on behalf of the Settlement Class, on the one hand, and Defendants, on the other hand, agree that the Action shall be, and is finally and fully compromised and settled, on the following terms and conditions:

45.     Non-Admission Of Liability.  The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation. In entering into this Agreement, Defendants do not admit, and specifically deny, they have violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to their employees. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be

construed as an admission or concession by Defendants of any such violation(s) or failure(s) to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendants or to establish the existence of any condition constituting a violation of, or noncompliance with, federal, state, local or other applicable law. In addition, the Parties intend this Settlement to be contingent upon the preliminary and final approval of this Agreement; and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute and defend this Action as if this Agreement never existed in the event that the Settlement is not fully and finally approved as set forth herein.

46.    <u>Release Of Claims</u>.

a.    As of the date of filing and entry of a Final Approval Order and Final Judgment dismissing the Action in its entirety with prejudice, and except as to such rights or claims as may be created by this Settlement Agreement, the Named Plaintiff, Class Representatives and all Settlement Class Members shall be deemed to have forever and fully released all NYLL Settled Claims (defined above in paragraph 42). All Settlement Class Members who have opted into the FLSA collective action, via submitting a timely and valid Claim Form, shall be deemed to have forever and fully released all FLSA Settled Claims (defined above in paragraph 42) during the FLSA settlement class period. Settlement Class Members who have opted-out of this lawsuit have not by operation of the Final Approval Order released their NYLL or FLSA claims, if any.

b.    Furthermore, Settlement Class Members give up their right to individual damages in connection with any administrative, arbitration, or court proceeding with respect to

their employment with and/or termination of employment with Defendants, including claims raised by the Attorney General, New York State Department of Labor and/or the United States Department of Labor in any investigation of payroll practices, and if Settlement Class Members are awarded money damages, they shall assign to Defendants their right and interest to such money damages. Should any agency or third-party seek to assert on their behalf any of the claims released by this Agreement, Settlement Class members shall designate Defendants as the recipient of, or otherwise pay over to Defendants, any recovery (whether by way of judgment or settlement) obtained as to such claims.

c. The Parties agree for settlement purposes only that, because the Settlement Class is so numerous, it is impossible or impracticable to have each Settlement Class Member execute this Agreement. Accordingly, the Class Notice will advise all Settlement Class Members of the binding nature of the release and such notice shall have the same force and effect as if each Settlement Class Member executed the Agreement.

d. Named Plaintiff, Class Representatives and Class Counsel represent, covenant, and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged, except as set forth herein.

47. <u>Settlement Payments, Attorneys' Fees, Expenses and Service Award</u>. Subject to final Court approval and the conditions specified in this Agreement, and in consideration of the mutual covenants and promises set forth herein, Defendants agree to make a total payment under this Agreement in the maximum amount of $450,000.00 (the "GSS"). The GSS includes, but is not limited to, payments to be made to Authorized Claimants, Class Counsel's attorneys' fees

and costs, and the Service Payments to Named Plaintiff and Class Representatives, and Defendants' share of payroll taxes. Except to pay for the difference between the Settlement Expenses and Defendants' 75% of the Reversion, if any, Defendants shall not be required to pay any amounts above the GSS under this Settlement and this Agreement. The Parties agree, subject to Court approval, the GSS shall be apportioned as follows:

        a.     Class Counsel will apply to the Court for an award of attorneys' fees of no more than $150,000.00. The attorneys' fees shall come from and be deducted from the GSS. Defendants will not oppose such application.

        b.     Class Counsel will apply to the Court for an award of attorneys' costs. Defendants will not oppose a request for up to $3,275.91 in attorneys' costs, which will be deducted from the GSS.

        c.     At the Final Fairness Hearing, Class Counsel will apply to the Court for a Service Payments in an amount not to exceed $10,000.00 to be paid to Plaintiff Darrel K. Spencer, and $7,500 to each Gilmore Thompson, Andre Banfield and Lithaniel Singleton. Defendants will not oppose such application. The Service Payments and Plaintiff's General Settlement Payment are included in, and shall come from, the GSS.

    48.    <u>Calculation of Claims.</u>

        a.     <u>Individual Settlement Payments.</u> Authorized Claimants shall be awarded their Individual Settlement Payments from the NSS based on the following formula. First, the total number of weeks worked by the Authorized Claimant within the Released Claims' temporal scope is divided by the total weeks worked by all Settlement Class Members within the Released Claims' temporal scope to obtain a percentage of the weeks worked during the settlement period. Second, this percentage is multiplied by the Net Settlement Sum to obtain the appropriate dollar amount allocated to that particular Authorized Claimant.

The following example illustrates the formula set forth in this paragraph (48.a).  For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the NSS equals $275,000.00.

Step one:   100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two:  5% (Authorized Claimant's Percentage of the NSS) x $275,000.00 (NSS) = $13,750.00 (Individual Settlement Payment).

      b.   <u>Reversion Payments</u>.  25% of the Reversion will be allocated to the Authorized Claimants and the remaining 75% will revert to the Defendants.  The Reversion Payments made to the Authorized Claimants will be based on the following formula.  First, an Authorized Claimant's Individual Settlement (from the formula in paragraph 48.a) is divided by the total Individual Settlements for every Authorized Claimant.  Second, this percentage is then multiplied by 25% of the Reversion to calculate each Authorized Claimant's share of the Reversion.  If the Court reduces the attorneys' fees and costs or Service Payments to the Named Plaintiff and Class Representatives, this reduced amount will be part of the Reversion and will be distributed to the Authorized Claimants under the formula set forth in this paragraph.  The Reversion is accordingly intended to include any and all amounts left over after distribution to the Authorized Claimants, the amounts awarded to Class Counsel and the Service Payments.

The following example illustrates the formula set forth in this paragraph (48.b).  For this example: the Authorized Claimant's Individual Settlement Payment is $13,750.00; total Individual Settlement Payments for every Authorized Claimant is $200,000.00; Reversion is $75,000.00; 25% of the Reversion equals $18,750.00, which is allocated amongst the Authorized Claimants; 75% of the Reversion equals $56,250.00, which reverts to Defendants.

Step one:  $13,750.00 (Individual Settlement Payment) / $200,000.00 (Total Individual Settlement Payments for Every Authorized Claimant) = 6.875% (Authorized Claimant's Percentage of Total Settlement Payments).

Step two:  6.875% (Authorized Claimant's Percentage of Total Settlement Payments) x $18,750.00 (Reversion to Be Allocated to Authorized Claimants) = $1,289.06 (Reversion Payment).

   c. The Parties acknowledge the above formula was devised as a practical, fair, and logical tool to simplify the claims process.

   d. The Parties agree that, under no circumstances shall Defendants be obligated to pay any amount under this Agreement to any Settlement Class Member other than Authorized Claimants.  In addition, the Parties agree that, in no event shall Defendants be obligated to pay more than the GSS in full settlement of the Action unless the Settlement Expenses exceed the Reversion.

   49. <u>Named Plaintiff's General Settlement Payment and General Release by Named Plaintiff.</u>  In connection with the Named Plaintiff executing a general release of his claims against Defendants, including all claims raised in the Complaint and/or that Named Plaintiff may otherwise have against Defendants, Defendants agree to pay him $15,000.00.  This $15,000.00 shall be paid from the GSS and is in addition to his Individual Settlement Payment and Service Award.  This amount is to be paid within the first payment under the schedule set forth below in paragraph 50.  In exchange for receiving this money and by executing this Agreement below, the Named Plaintiff releases Defendants from any and all claims, charges, demands, causes of action, fees, liabilities, and expenses of any kind whatsoever, whether known or unknown, suspected or unsuspected, from the beginning of time to the date of this Settlement Agreement, by reason of any actual or alleged act, statement, omission, transaction, practice or occurrence arising from or concerning in any way Plaintiffs' employment with Defendants, including, but

not limited to, claims under the FLSA, the New York State Labor Law, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, New York State and City Human Rights Laws, Federal and New York State Prevailing Wage Laws, the Immigration Reform and Control Act, and any other federal, state or local wage and hour, overtime, and anti-discrimination laws, and any common law contract and tort claims arising out of or in any way relating to Plaintiffs' employment with Defendants.

50.    <u>Timing of Payments</u>.  Defendants shall have 1,170 calendar days, approximately thirty-nine (39) months, to make all of the Payments specified above in paragraphs 47-49. Defendants will make eight (8) equal payments as follows:  first payment 30 calendar days from Final Effective Date; second payment 180 calendar days from first payment; third payment 180 calendar days from second payment; fourth payment 180 calendar days from third payment; fifth payment 180 calendar days from fourth payment; sixth payment 180 calendar days from fifth payment; seventh payment 180 calendar days from sixth payment; and eighth payment 90 calendar days from seventh payment.

51.    <u>Tax Treatment of Service Payments and Settlement Payments</u>.  Fifty percent (50%) of any Individual Settlement Payment (Individual Settlement Payment plus Reversion) will be considered taxable wages, and shall be made net of all applicable standard payroll deductions, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W 2. The remaining fifty percent (50%) of the Individual Settlement Payments shall be for alleged liquidated damages and interest, and will be reported as such to each

Authorized Claimant on an IRS Form 1099. The Named Plaintiff and Class Representatives will be issued an IRS Form 1099 for any Service Payments the Court approves.

a. All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law. In this regard, Defendants make no representations regarding the taxability of the Settlement Payments.

b. Except as provided in Paragraph 47, each Party shall bear his, her, or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action. Class Counsel agree that any allocation of fees among the Class Counsel and any other attorney that may be representing Named Plaintiff or the Class shall be the sole responsibility of Class Counsel, and Class Counsel agree to indemnify and hold harmless Defendants from any claims or liability by any other Party claiming or seeking to claim any attorneys' fees or costs.

52. <u>Default and Security for Payments.</u>

a. Defendants will be in default (a "Default") if: (a) they fail to make any of the settlement payments as set forth above in paragraphs 47-49 and (b) they have still failed to make any of the required settlement payments within fourteen (14) calendar days of Defendants' counsel (Jeffery A. Meyer of Kaufman Dolowich & Voluck, LLP) receiving a notice of default (which can be sent via email or facsimile). If, however, Defendants have in good faith timely mailed or wired the funds to the Claims Administrator and for some reason beyond Defendants' control, the checks were not timely mailed, such circumstance shall not constitute a Default and will not give rise to the remedy for a Default hereunder. If Defendants are in Default, then Defendants agree to the jurisdiction of the Court entering the Consent Judgment, as set forth in paragraph 52.b. and attached hereto as Exhibit C. Under the Consent Judgment, Defendants will: (a) be jointly and severally obligated immediately to pay to the Claims Administrator all the unpaid Settlement Payments set forth in this Agreement (i.e., all remaining Settlement Payments

shall accelerate to become due immediately), and (b) will be jointly and severally obligated immediately to pay to the Claims Administrator an additional amount equal to $25,000.00, which is to be divided amongst the Authorized Claimants and Class Counsel on a *pro rata* basis. With respect to any Settlement Payment, Defendants agree that, if any such payment is not paid as required, Defendants will pay for all costs incurred, including reasonable legal costs, related to any efforts or actions taken to collect any such payment, including the Consent Judgment.

b.      Upon executing this Agreement, Defendants shall provide to Class Counsel an executed Consent Judgment in the amount of $475,000.00 in the form attached hereto as Exhibit C. Class Counsel may enter the Consent Judgment, without further notice, against Defendants in the event Defendants Default (as that term is defined above in paragrpah 52.a.) on their obligations under paragraphs 47-49. Class Counsel shall hold the Consent Judgment in escrow and will release it and return the original Consent Judgment to Defendants' Counsel if and when Defendants fulfill their obligations under paragraphs 47-49. In the event it is necessary for Class Counsel to enter the Consent Judgment, any recitals in this Agreement denying liability shall become null and void.

53.      <u>Notice Procedure</u>.

a.      The Claims Administrator shall distribute the notices and the Settlement Payments.

b.      Within seven (7) calendar days after the Preliminary Approval Order is issued, Defendants shall provide to the Claims Administrator a list of Settlement Class Members that identifies for each Settlement Class Member his/her last known address and telephone number that Defendants have in their possession, the dates of his/her employment during the Class Period (from August 13, 2006 to February 7, 2014), and the total number of weeks worked

during the Class Period. The Claims Administrator shall then process and update the addresses using the National Change of Address ("NCOA") Database that the U.S. Postal Service maintains. In the event any Class Member has filed a U.S. Postal Service change of address request, the address listed with the NCOA shall be utilized in connection with the mailing. Defendants' Counsel agrees to consult with the Claims Administrator as required to provide the list in a format reasonably acceptable. The Claims Administrator shall then process each Settlement Class Members' Individual Settlement under the formula set forth in paragraph 48.a. The Claims Administrator will keep the list confidential, use it only for the purposes described herein, take adequate safeguards to protect confidential or private information and return or certify the destruction of the information upon completion of the Settlement Administration process.

        c.     Within ten (10) calendar days after receipt of the above information from Defendants, The Claims Administrator shall send the Class Notice and Claim Form to each Settlement Class Member, along with a pre-paid, self-addressed return envelope. Defendants' Counsel, Class Counsel and the Claims Administrator collectively may correct immaterial errors on the Class Notice, Claim Form or other mailed materials without approval from the Court provided the changes do not alter the preliminary approval by the Court. Each and every Settlement Class Member whose Class Notice and Claim Form is not returned to the Claims Administrator as undeliverable within fifteen (15) calendar days after mailing is conclusively presumed to have received the Class Notice.

        d.     The Claims Administrator shall provide Defendants' Counsel and Class Counsel within seven (7) calendar days after the Claims Administrator's receipt from the U.S.

Postal Service with a copy of any undelivered envelopes for any Class Members whose Class Notice and Claim Form is returned to the Claims Administrator as undeliverable.

       e.     Within seven (7) calendar days of receiving any undelivered envelopes, the Claims Administrator will perform one skip trace using social security numbers provided by Defendants, as needed, to verify the accuracy of the addresses provided and re-mail the Class Notice and Claim Form for those forms returned to sender.  The Parties recognize Accurint, or something comparable, in an appropriate research tool for this purpose.

       f.     Settlement Class Members will have sixty (60) calendar days from the initial mailing of Claim Forms by the Claims Administrator to submit their claims or opt out, with proof of date of submission to be the postmark date.  Settlement Class Members will also have sixty (60) calendar days to object to the Settlement by filing an objection with the Court that sets forth the basis of the objection and serving the objection on Class Counsel and Counsel for Defendants.

       g.     The Claims Administrator shall re-mail any Class Notice and Claim Form returned by the Post Office with a forwarding address.  It shall be conclusively presumed that those Settlement Class Members whose re-mailed Class Notice and Claim Form is not returned to the Claims Administrator as undeliverable within fifteen (15) calendar days after re-mailing, actually received the Class Notice and Claim Form.

       h.     Within seven (7) calendar days of the Claims Administrator receiving any deficient Claim Form, the Claims Administrator shall re-mail the Claim Form to the Settlement Class Member along with a return envelope, and identify the deficiency for the Settlement Class Member and inform the Settlement Class Member that he/she has until the Bar Date or ten (10) calendar days after the Claim Form is re-mailed, whichever is later, for him/her to re-submit

his/her Claim Form. Any Claim Form that is cured after the ten (10) day period or the Bar Date, which ever is later, will not be considered effective.

        i.     Within seven (7) calendar days of the Court adjourning the Final Fairness Hearing, to the extent it happens, the Claims Administrator shall mail a notice of the new date and time to any Settlement Class Member who submitted a timely and valid valid objection.

        j.     Within thirty (30) calendar days of the Bar Date, the Claims Administrator shall mail a reminder postcard to the Settlement Class Members that states:

REMINDER ABOUT THE DEADLINES IN THE CLASS ACTION SETTLEMENT IN SPENCER V. NO PARKING TODAY, *ET AL.*

This is a reminder about important deadlines in the class action settlement in *Darrel K. Spencer v. No Parking Today, Inc. and Clayton Thomas*, Case No. 1:12-cv-6323 (ALC) (AJP) (U.S. District Court Southern District of New York).

On [Mail date], you were mailed two documents in connection with this settlement: the "Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing"; and the "Individual Settlement Class Member Claim Form" ("Claim Form"). As explained in those documents, [Bar Date] is the deadline for you to submit your Claim Form if you want to participate in the settlement, request to be excluded from the settlement, or file any objections regarding the settlement. If you do not timely submit a claim form and do not request to be excluded, you will be bound by the terms of the settlement agreement and not receive any money from this settlement.

If you have any questions, you should contact the Court-appointed Claims Administrator, Simpluris at [phone number]. You should not contact the Court.

        k.     The Claims Administrator shall provide to Class Counsel at least fourteen (14) calendar days before the Final Fairness Hearing, a declaration confirming: the Class Notice and related forms were mailed to all Class Members as required by this Agreement; the number of Claim Forms that were initially returned as undeliverable; the number of Claim Forms that were initially returned as undeliverable and re-mailed to a new address; the number of Claim Forms that were returned as undeliverable for which there was no new address to re-mail it; the number of time and valid requests to be excluded from the Settlement; the number of deficient

Claim Forms for which the deficiencies were not timely cured; a list of all the Settlement Class Members (identifying them by just first and last name) who will be found under the Agreement; a list of all Settlement Class Members (identifying them by just first and last name) who timely request to be excluded from the Settlement; any additional information Class Counsel and/or Defendants' Counsel deem appropriate to provide to the Court.

54.   <u>Claims-Made Nature Of The Settlement</u>.   The Settlement will be on a claims-made basis, meaning the Parties agree, covenant, and represent that the Settlement Payments shall be distributed only to Authorized Claimants.   Therefore, individual Settlement Class Members will be entitled to receive a Settlement Payment only if the Class Member does all of the following:  (i) completes the Claim Form in its entirety; (ii) signs the Claim Form certifying that its contents are true and correct; and (iii) returns the Claim Form to the Claims Administrator with a postmarked date that is on or before the Bar Date.   Settlement Class Members who do not properly or timely submit a Claim Form will not be entitled to any portion of the NSS.   As indicated above, the NSS will be calculated after deducting attorneys' fees and costs, Service Payments to the Named Plaintiff and Class Representatives, and the Named Plaintiff's General Settlement Payment.

55.   <u>Claims Procedure</u>.

a.   The Claims Administrator will provide a copy of all Claim Forms and postmarked envelopes in which the Claim Forms are delivered that it receives to Class Counsel and Defendants' Counsel within five (5) calendar days of receipt thereof.

b.   Upon receipt of any Claim Form within the Claim Submission Period, Class Counsel and Defendants' Counsel shall review the Claim Form to verify the information contained therein, to determine the eligibility of the person submitting the Claim Form to receive

a Settlement Payment, and to determine the net amount of the Settlement Payment to be made in accordance with the terms of this Agreement. In the event that a Claim Form is defective or incomplete, the Claims Administrator shall follow the process specified above in paragraph 53.h.

           c.     Any Settlement Class Member who fails to submit a timely, complete, and valid Claim Form shall be barred from receiving any Settlement Payment under this Agreement. Class Counsel shall not review or consider any Claim Form postmarked after the end of the Claim Submission Period, nor shall Defendants make any distribution whatsoever with respect to any Claim Form received after the end of the Claim Submission Period. It shall be conclusively presumed that, if a Claim Form is not postmarked on or before the Bar Date, the Settlement Class Member did not return the Claim Form in a timely manner.

           d.     Within seven (7) calendar days of the Bar Date, the Claims Administrator shall provide Class Counsel and Defendants' Counsel with a report listing the identity and number of Settlement Class Members that filed claims, opt out notices or objections and the total amount of all Settlement Payments to be made to Claimants. After receiving the Claims Administrator's report, Class Counsel and Defendants' Counsel shall jointly review the same to determine if the calculation of payments to Claimants is consistent with this Agreement.

     56.     <u>Opt-Out Procedure and Binding Nature of This Agreement</u>. Unless a Settlement Class Member opts out of the Settlement described in this Agreement, he/she shall be bound by the Agreements' terms and conditions, and shall also be bound by the Court's Order enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of the Settled Claims against the Released Parties, regardless of whether he or she timely submits a timely Claim Form. A Settlement Class Member will not be entitled to opt out of the Settlement established by this Agreement unless he or she does all of the following: (i) makes a proper written request to opt

out of the Settlement; (ii) signs the opt-out request; and (iii) returns the opt-out request so that it is received or postmarked on or before the expiration of the Claim Submission Period.  Named Plaintiff and Class Representatives may not opt-out of the Settlement Agreement.

        a.     The Claims Administrator will provide a copy of all opt-out requests received within the Claim Submission Period to Class Counsel and Defendants' Counsel within three (3) business days of receipt thereof.

        b.     Upon receipt of any opt-out request within the Claim Submission Period, the Claims Administrator, Class Counsel and Defendants' Counsel shall review the request to verify the information contained therein, and to confirm the request complies with the requirements of this Agreement.  The Claims Administrator shall review its records to determine whether the Settlement Class Member submitted a Claim Form.  If a Settlement Class Member submits both a Claim Form and opt-out request, the Claim Form will be considered valid, and the opt-out request rejected.

        c.     Upon receipt of a deficient or incomplete opt-out request, the Claims Administrator will promptly notify the Settlement Class Member of the defect or deficiency and permit the Settlement Class Member to cure the defect within ten (10) calendar days or the Bar Date, whichever is later.  Any opt out request that is cured after the ten (10) calendar day period or the Bar Date will not be considered effective.

        d.     Any Settlement Class Member who fails to submit a timely, complete and valid request to opt out of the Settlement shall be barred from opting out of this Agreement or the Settlement.   The Claim Administrator shall not review or consider any opt-out request postmarked after the Bar Date (unless the ten-day cure period applies).  It shall be conclusively presumed that, if an opt-out request is not postmarked on or before the Bar Date (unless the ten-

day cure period applies), the Settlement Class Member did not make the request in a timely manner. A declaration submitted by any Settlement Class Member attesting to the mailing of an opt-out request on or before the expiration of the Claim Submission Period shall be insufficient to overcome the conclusive presumption that the Claim Form was not postmarked on or before the expiration of the Claim Submission Period.

e.     If twenty-five percent (25.0%) or more of the Class Members timely opt out of the Settlement, Defendants shall have the sole and absolute discretion to withdraw from this Agreement within fifteen (15) calendar days after the Bar Date. Defendants shall provide written notice of such withdrawal to Class Counsel. In the event that Defendants elect to so withdraw, the withdrawal shall have the same effect as a termination of this Agreement for failure to satisfy a condition of Settlement, and the Agreement shall become null and void and have no further force or effect.

57.     <u>Objections To Settlement</u>. Any Settlement Class Member may object to the Settlement. Any such objection, including any supporting documents, must be filed with the clerk of the Court and served on all counsel by the Bar Date. Otherwise, such objection shall conclusively be deemed waived, and the Settlement Class Member will be barred from asserting any objection. If the Court adjourns the Final Fairness Hearing after the Notices set forth herein are mailed to the Class Members, Claims Administrator shall notify any Class Member who submits a timely objection of the new fairness hearing date. If the Court adjourns the Final Fairness Hearing after the Notices set forth herein are mailed to the Class Members and no Class Member objects to the Settlement, Claims Administrator shall not notify any Class Member of the new fairness hearing date.

58.     Distribution Of Settlement.

a.      The Settlement shall be distributed in equal payments beginning thirty (30) calendar days after the Final Effective Date and under the schedule set forth above in paragraph 50.

b.      Aside from the Named Plaintiff and Class Representatives, the Claims Administrator shall distribute the Settlement Payments to the Authorized Claimants in the order the Authorized Claimants submit their timely and valid Claim Form.  For this purpose, the post-mark of the envelope will determine the order in which the Claim Forms are received.  In the event multiple Claim Forms are received on the same date, the Authorized Claimants will be paid in descending order of their Settlement Payment amounts (i.e., those with the larger payments get paid first).  The Claims Administrator shall distribute to the Named Plaintiff and Class Representative their Settlement Payment before any other Authorized Claimants.  In the event an Authorized Claimant's Settlement Payment exceeds the total amount being distributed in a particular month, the Claims Administrator shall distribute the balance of the Settlement Payment in the immediate subsequent payment period.

c.      Within ten (10) calendar days after the Final Effective Date, the Claims Administrator shall promptly provide written notice to Defendants and Class Counsel the number of Authorized Claimants, the total amount to be distributed each month to the Authorized Claimants and Class Counsel, the order in which the Authorized Claimants will be paid, and the amount each Authorized Claimant will receive per payment period.  Within ten (10) calendar days of the Claims Administrator's written notice to Defendants and Class Counsel of the number of Authorized Claimants and the Settlement Payment owed, Defendants shall remit to the Claims Administrator the first equal installment of the Claims Payment to be held in escrow

by the Claims Administrator. The Claims Administrator will distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid within ten (10) calendar days of Defendants remitting the funds in escrow to the Claims Administrator. Accordingly, the checks shall be mailed to the Authorized Claimants within thirty (30) calendar days after the Final Effective Date.

      d.     Defendants shall remit to the Claims Administrator, which shall be held in escrow, each subsequent installment of the Claims Payment at least thirty (30) calendar days before the payments are to be distributed to the Authorized Claimants according to the schedule set forth above in paragraph 50. The Claims Administrator will then distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid according to the schedule set forth above in paragraph 50.

      e.     The checks shall be valid for forty-five (45) calendar days. If an Authorized Claimant requests a check to be reissued within the 45-day period, the Claims Administrator will, upon confirming that the Authorized Claimant's check was not cashed, reissue that Authorized Claimant's check and remit it to Class Counsel. Reissued checks will be valid until the later of (1) the end of the 45th calendar day period that the initial check was issued or (2) forty-five (45) calendar days after the date of the reissued check, whichever is later.

      f.     The Service Payments shall be distributed as follows: thirty (30) calendar days after the Final Effective Date from the first installment of the Claims Payment.

      g.     The attorneys' fees and costs shall be distributed in equal payments from each Claims Payment installment. The amounts shall reflect the amount of the Court awarded fees and costs relative to the GSS. Accorindgly, if the Court awards $155,000.00 in fees and

costs, which equals 34.44% of the GSS, the Claims Administrator shall distribute to Class Counsel 34.44% of each Claims Payment installment and shall continue to do so until Class Counsel is distributed the full amount of the Court awarded fees and costs. Upon final payment of Class Counsel's fees and costs, Defendants, the Released Parties and Defendants' Counsel shall have no further liability or responsibility to Class Counsel or to any vendors or third parties employed by Named Plaintiff or Class Counsel, unless meaningful efforts are necessary to enforce the terms of this Agreement, including, by way of example and not by limitation, a motion to enforce the terms of this Agreement, and to have the Court enter the Consent Judgment.

       h.     Aside from Settlement Expenses, Defendants shall not be obligated to make any payments contemplated by this Agreement unless and until the Court enters the Final Order and Final Judgment, and after the Final Effective Date of the Agreement, and no amounts will be owed or payable until all appeals or other collateral attacks have lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.

      59.    <u>Preliminary Approval Of Settlement</u>.  Upon execution of this Agreement, Named Plaintiff shall file a motion in the Action requesting that the Court enter the Preliminary Approval Order based on an agreed-upon Settlement schedule, subject to Court approval if necessary:

       a.     Preliminarily approving the proposed Settlement and this Agreement;

       b.     Approving the form of the Class Notice and Claim Form, and requiring that each be sent to Settlement Class Members;

       c.     Approving the Notice Plan;

d.      Scheduling the Final Settlement Hearing for consideration of class certification and final approval of this Agreement no earlier than one hundred thirty (130) days after the Court enters the Preliminary Approval Order;

e.      Approving the procedure for Settlement Class Members to submit Claim Forms or to opt out of the Settlement and setting a date after which no Class Members shall be allowed to submit Claim Forms or requests to opt out; and

f.      Approving the procedure for Settlement Class Members to object to the Settlement.

g.      Defendants shall not oppose Class Counsel's motion for preliminary approval of the Settlement so long as the motion and supporting papers are consistent with the terms of this Agreement.  Class Counsel shall provide Defendants with a reasonable opportunity to review, and provide comments to, the motion for preliminary approval of the Settlement before the motion and supporting papers are filed with the Court.

60.      Non-interference With Claims Procedure.  The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Settlement Class Members to submit requests for exclusion or objections to the Settlement or to appeal from the Final Order and Final Judgment.

61.      Final Order.  Named Plaintiff will request, and Defendants will concur in said request, that the Court enter, after the Settlement Hearing finally approving this Agreement, a Final Order drafted by Named Plaintiff in the form that is consistent with this Agreement and subject to prior review and approval by Defendants.  Named Plaintiff will request that the Final Judgment find this Agreement and Settlement is fair, just, equitable, reasonable, adequate and in the best interests of the Class; permanently enjoin all Settlement Class Members from pursuing,

or seeking to reopen, Settled Claims against the Released Parties; and require the Parties to carry out the provisions of this Agreement.

62.     Waiver of Appeal.  Subject to preliminary and final approval of this Settlement, each Party expressly waives its right to appeal, with the sole and limited exception that Named Plaintiff reserves the right to appeal from an order awarding him a total amount of attorneys' fees under this Settlement that is less than the total amount sought by Named Plaintiff under this Agreement.  The issue raised on appeal will be limited and confined to the amount allocated to Class Counsel under Paragraph 47.

63.     Entry Of Final Judgment.  At the Final Settlement Hearing, Named Plaintiff will request, and Defendants will concur in said request, that the Court enter a Final Judgment.

64.     Effective Date Of Agreement.  The "Effective Date" of this Agreement shall be conditioned upon all of the following occurring:

   a.     This Agreement has been signed by the Parties, Class Counsel, and Defendants' Counsel;

   b.     The Court has entered a preliminary approval order substantially similar to the Preliminary Approval Order;

   c.     The Court-approved Class Notice has been mailed to the Settlement Class Members as ordered by the Court in this Action;

   d.     The Court has entered a final order in a form substantially similar to the Final Order;

   e.     A Final Fairness Hearing has occurred;

   f.     The Court has entered and filed a final judgment dismissing the Action with prejudice in a form substantially similar to the Final Judgment; and

g.     If there were objections to the settlement, all appeals or other collateral attacks have lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.  If there were objections to the settlement, no amounts will be owed or payable until all appeals or other collateral attacks have lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.

65.     <u>Automatic Voiding Of Agreement If Settlement Not Finalized</u>.  If for any reason the Settlement set forth in this Agreement does not become final, the Settlement shall be null and void; the orders, judgment, and dismissal to be entered under this Agreement shall be vacated; and the Parties will be returned to the status quo prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement.  In addition, in such event, the Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise.

66.     <u>No Injunctive Relief</u>.  The Parties agree that the Settlement does not include injunctive relief.

67.     <u>Non-Disparagement</u>.

a.     Named Plaintiff, Class Representatives and Class Counsel agree not to make any negative or disparaging statements about, or to intentionally do anything that damages Defendants' reputation, financial status, or business relationships.

68.     <u>Invalidation Of Agreement For Failure To Satisfy Conditions</u>.  The terms and provisions of Paragraphs 1 through 82 of this Agreement are not recitals, but are deemed to

constitute contractual terms.  The Court may allocate less to Class Counsel and Named Plaintiff than indicated in Paragraphs 36 and 47 without impacting the validity and enforceability of the Agreement.  Except for the provisions set forth in the preceding sentence in the event that any of the terms or conditions set forth in Paragraphs 1 through 82 of this Agreement are not fully and completely approved by the Court and satisfied, this Agreement shall terminate at the option of either Party, or both, and all terms of the Agreement, including any payments by Defendants, shall be null and void.  Without limiting the generality of the foregoing, if this Agreement is terminated for failure to satisfy any of the terms or conditions of Paragraphs 1 through 82 of this Agreement:

    a.  Defendants shall not be obligated to create or maintain any type of settlement fund, and shall not be obligated to make any Claims Payment to any Settlement Class Member, to any Authorized Claimant, to Class Counsel, or to the Named Plaintiff.

    b.  This Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of the Named Plaintiff, Settlement Class Members and Defendants, each of whom shall be restored to their respective positions existing prior to the execution of this Agreement, and evidence relating to the Agreement and all negotiations shall not be discoverable or admissible in the Action or any other litigation.

    c.  Defendants will not have waived, and instead expressly reserve, their right to challenge the continuing propriety of class certification for any purpose.

    d.  To the extent one exists, the Preliminary Approval Order shall be vacated in its entirety and neither this Agreement, the Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied upon, referred to or used in any way

for any purpose in connection with any further proceedings in this Action or in any related action, including class certification proceedings.

69.    <u>Notices</u>.  All notices, requests, demands and other communications required or permitted to be given under this Agreement shall be in writing, and shall be delivered personally or by first class mail to the attorneys listed in the caption above and to the Claims Administrator.

70.    <u>Modification In Writing</u>.  This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all signatories to this Agreement.  This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

71.    <u>Ongoing Cooperation</u>.  Named Plaintiff, Class Representatives and Defendants and each of their respective counsel shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.  The executing of documents must take place prior to the Final Settlement Hearing.

72.    <u>Binding on Successors</u>.  This Agreement shall be binding and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

73.    <u>Entire Agreement</u>.  This Agreement constitutes the full, complete and entire understanding, agreement and arrangement between Named Plaintiff and the Settlement Class Members on the one hand and Defendants on the other hand with respect to the settlement of the Action and the Settled Claims against the Released Parties.  This Agreement supersedes any and all prior oral or written understandings, agreements and arrangements between the Parties with respect to the settlement of the Action and the Settled Claims against the Released Parties. Except those set forth expressly in this Agreement, there are no other agreements, covenants,

promises, representations or arrangements between the Parties with respect to the settlement of the Action and the Settled Claims against the Released Parties.

74.     Execution In Counterparts.  This Agreement may be signed in one or more counterparts.  All executed copies of this Agreement, and photocopies thereof (including facsimile and/or electronic copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

75.     Captions.  The captions and section numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Agreement.

76.     Governing Law.  This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of New York, without regard to conflict of law rules.

77.     Reservation Of Jurisdiction.  Notwithstanding the dismissal of this Action and entry and filing of Final Judgment, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

78.     Mutual Preparation.  The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement.  Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

79.     Warranties And Representations.  With respect to themselves, each of the Parties to this Agreement and/or their agents or counsel represent, covenant and warrant that: (a) they

-36-

have full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement, and (b) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

80.     Representation By Counsel.     The Parties acknowledge they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Named Plaintiff, Class Representatives and Class Counsel warrant and represent that there are no liens on the Agreement, and that after entry by the Court of the Final Judgment, Defendants may distribute funds to Authorized Claimants, Class Counsel, and Named Plaintiff as provided by this Agreement.

81.     Authorization By Named Plaintiff.  Named Plaintiff authorizes Class Counsel to sign this Agreement and further agrees not to request to be excluded from the Settlement Class and not to object to any terms of this Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

82.     Return of Discovery Documentation.     Within ten (10) calendar days of Defendants completing all of their obligations under this Agreement, including making all of the required installment payments, all Discovery Material produced to Plaintiffs and Plaintiffs' counsel throughout the course of this Action (including all mediation sessions and settlement discussions), and all copies thereof, shall be promptly returned to Defendants' counsel, or, upon permission of Defendants' counsel, destroyed.  Plaintiffs' counsel agrees to hold all documents

-37-

subject to this section in their sole possession pursuant to the timelines set forth above and shall

not distribute said documents to any third party for any reason

IT IS SO AGREED:

Dated:  May 3l, 2014

_____
DARREL K. SPENCER
Plaintiff/Class Representative


Dated:  May__, 2014

6/23/2014

_____
ANDRE BANFIELD    6/24/14
Plaintiff/Class Representative

Dated:  May__, 2014

6/23/2014

_____
GILMORE THOMPSON
Plaintiff/Class Representative

Dated:  May __, 2014

June, 23, 2014

_____
LITHANIEL SINGLETON    6
Plaintiff/Class Representative


Dated: May __, 2014

_____
CLAYTON THOMAS (On Behalf of)
NO PARKING TODAY, INC.


Dated: May __, 2014

_____
CLAYTON THOMAS  (Individually)

subject to this section in their sole possession pursuant to the timelines set forth above and shall not distribute said documents to any third party for any reason

<u>IT IS SO AGREED:</u>

Dated: May___, 2014

_____
DARREL K. SPENCER
Plaintiff/Class Representative


Dated: May___, 2014

_____
ANDRE BANFIELD
Plaintiff/Class Representative


Dated: May___, 2014

_____
GILMORE THOMPSON
Plaintiff/Class Representative


Dated: May___, 2014

_____
LITHANIEL SINGLETON
Plaintiff/Class Representative


6/19/14
~~Dated: May~~ __, 2014

_____
CLAYTON THOMAS (On Behalf of)
NO PARKING TODAY, INC.


6/19/14
~~Dated: May~~ __, 2014

_____
CLAYTON THOMAS (Individually)

APPROVED AS TO FORM:

Dated: ~~May ___~~, 2014
      JUNE 20

                                _____
                                JEFFERY MEYER
                                KAUFMAN DOLOWICH & VOLUCK, LLP

                                *Attorneys for Defendants*


Dated: May ___, 2014

                                _____
                                DOUGLAS B. LIPSKY
                                BRONSON LIPSKY LLP

                                *Attorneys for Plaintiff And On Behalf All Others*
                                *Similarly Situated*

APPROVED AS TO FORM:

Dated: May __, 2014

_____
JEFFERY MEYER
KAUFMAN DOLOWICH & VOLUCK, LLP

*Attorneys for Defendants*

June 23
Dated: ~~May~~ __, 2014

_____
DOUGLAS B. LIPSKY
BRONSON LIPSKY LLP

*Attorneys for Plaintiff And On Behalf All Others
Similarly Situated*

-39-

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DARRELL K. SPENCER, Individually and on        :   <u>ECF CASE</u>
Behalf of All Other Persons Similarly Situated,   :
                                                             :
                       Plaintiff,                        :   1:12-cv-6323 (ALC) (AJP)
                                                             :
              v.                                            :
                                                             :
                                                             :
NO PARKING TODAY, INC. and CLAYTON      :
THOMAS, Jointly and Severally,                    :
                                                             :
                       Defendants.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
AND FINAL FAIRNESS HEARING</u>

**TO:   ALL INDIVIDUALS WHOM NO PARKING TODAY, INC. AND CLAYTON
THOMAS HAVE EMPLOYED OR ARE EMPLOYING WHO HOLD OR HELD
THE TITLE OF "PARKING ASSISTANT" OR "RESERVE PARKER" AT ANY
TIME FROM AUGUST 13, 2006 TO FEBRUARY 7, 2014.**

Based on information in the records of No Parking Today, Inc. ("No Parking Today"),
you were employed as a parking assistant or reserve parker at any time from August 13, 2006 to
February 7, 2014 (the "Covered Period") and are eligible to participate in the proposed
settlement of the case captioned *Darrel K. Spencer v. No Parking Today, Inc. and Clayton
Thomas*, Case No. 1:12-cv-6323 (ALC) (AJP) (U.S. District Court Southern District of New
York) (the "Action").

**PLEASE READ THIS NOTICE CAREFULLY.**   It contains important information
about your rights concerning the settlement of the Lawsuit. If the Court approves the settlement,
you will be bound by its terms unless you affirmatively opt out of the settlement.

**1.       WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you worked for No Parking
Today as a parking assistant or reserve parker at any time from August 13, 2006 to February 7,
2014. The purpose of this Notice is to inform you of your rights under the Settlement Agreement
resolving the Lawsuit.   A claim form is enclosed for you to execute and return to the Claims
Administrator (as discussed below in paragraph 4) in order to recover your settlement amount.
We have provided you a pre-paid envelope for this purpose.   **If you do not return the claim
form on or before the deadline, you will <u>not</u> receive your share of the settlement.**

-1-

2.      **WHAT IS THIS CASE ABOUT?**

A former employee (the "Named Plaintiff") filed the Action pursuant to the New York labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA") alleging that No Parking Today and Clayton Thomas failed to pay their employees overtime pay whenever they worked more than forty hours in a week, made illegal deductions from their wages, and failed to provide their employees with legally required notices.   Due to the Named Plaintiff's unavailability, the Court appointed three additional individuals to represent the class:  Andre Banfield, Gilmore Thompson and Lithaniel Singleton.

No Parking Today and Clayton Thomas deny these allegations and maintains that they properly paid all parking assistants and reserve parkers overtime pay, did not make illegal deductions, and complied with all recordkeeping requirements.

No Parking Today and Clayton Thomas do not discourage your participation in the Settlement.

**The law strictly prohibits No Parking Today and Clayton Thomas from retaliating against you for participating in the Settlement.  This includes they <u>CANNOT</u> fire you, demote you, reduce your work schedule, reduce your rate of pay or harass you because you participate in the Settlement.**

The attorneys for the Class ("Class Counsel") in this Action are:

> Douglas Lipsky
> BRONSON LIPSKY LLP
> 630 Third Avenue, Fifth Floor
> New York, New York 10017-6705
> Phone:  212.392.4772
> Email:  dl@bronsonlipsky.com

3.      **WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT? HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED?**

If the Court gives the Settlement final approval, No Parking Today will pay a maximum of $450,000.00 in total settlement funds.  If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $450,000.00 prior to distribution of the settlement funds to Class Members who submit timely and valid Claim Forms ("Authorized Claimants"):

- Attorneys' Fees and Costs:  Class Counsel will apply to the Court for recovery of costs not to exceed $3,275.91 and attorneys' fees of $150,000.00 (1/3 of the Settlement) from the Settlement Fund.  This amount will be requested pursuant to the Named Plaintiff's professional services agreement.

- Service Payments: If the Court approves such payment, $10,000.00 will be paid to Darrel K. Spencer, and $7,500.00 to each Andre Banfield, Gilmore Thompson and Lithaniel Singleton. These payments are being made in recognition of the many hours of services they contributed on behalf of the Settlement Class, which includes several meetings and teleconferences with Class Counsel, drafting and reviewing Court filings, attending Court conferences, and attending multiple mediation sessions with the Court. These payments are also in recognition of the risk they took in being retaliated against for representing the Settlement Class.

- Individual Settlement. $15,000.00 in consideration for Named Plaintiff Spencer's release of all claims he has or may assert against the Defendants in connection with his employment with Defendants.

If the Court approves these payments, then after these payments are deducted for, among other things, attorneys' fees and costs, the remaining Settlement Fund (the "Net Settlement Sum" or "NSS") will be distributed based on two calculations.

Individual Settlement Payment. This calculation reflects how many weeks you worked for No Parking Today and is based on the following formula: the total number of weeks you worked will be divided by the total number of weeks worked by all of the Settlement Class members during the relevant time period; this percentage will then be multiplied by the Net Settlement Sum. This amount is called your "Individual Settlement Payment." This is the amount listed on your Claim Form.

The following example illustrates this formula. For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the NSS equals $275,000.00.

Step one: 100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two: 5% (Authorized Claimant's Percentage of the NSS) x $275,000.00 (NSS) = $13,750.00 (Individual Settlement Payment).

Reversion Payment. This calculation is based on how much of the Net Settlement Sum is left over based on Settlement Class Members not filing timely or valid claim forms or opting out of the settlement. This amount is called the "Reversion." 25% of the Reversion will be allocated to the Authorized Claimants. The remaining 75% will revert back to No Parking Today.

25% of the Reversion will be allocated to you (if you are an Authorized Claimant) based on the following formula: your Individual Settlement Payment is divided by the total Individual Settlements for every Authorized Claimant; this percentage is then multiplied by 25% of the Reversion to calculate your share of the Reversion. This is called the "Reversion Payment." Because the Reversion Payment is based on who submits a valid Claim Form, Class Counsel will not know how much your Reversion Payment is until after the Claim Submission Period deadline (explained below in paragraph 4). Also, if every Settlement Class Member submits a timely and valid Claim Form, nobody will receive a Reversion Payment. Accordingly, the total amount you

will receive will be greater than the Individual Settlement Payment listed on the Claim Form only if there are Reversion Payments.

If you are an Authorized Claimant, the total amount you will receive under this Settlement is your Individual Settlement Payment plus your Reversion Payment (if any).

The following example illustrates this formula.   For this example: the Authorized Claimant's Individual Settlement Payment is $13,750.00; total Individual Settlement Payments for every Authorized Claimant is $200,000.00; Reversion is $75,000.00; 25% of the Reversion equals $18,750.00, which is allocated amongst the Authorized Claimants; 75% of the Reversion equals $56,250.00, which reverts to Defendants.

Step one:  $13,750.00 (Individual Settlement Payment) / $200,000.00 (Total Individual Settlement Payments for Every Authorized Claimant) = 6.875% (Authorized Claimant's Percentage of Total Settlement Payments).

Step two:  6.875% (Authorized Claimant's Percentage of Total Settlement Payments) x $18,750.00 (Reversion to Be Allocated to Authorized Claimants) = $1,289.06 (Reversion Payment).

If you are an Authorized Claimant, then (1) 50% of the payment made to you from the Settlement Fund shall be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be attributed to alleged liquidated damages and reported on an IRS Form 1099.   You will ultimately receive one check that reflects all of these calculations.

The Settlement will be paid out in equal payments beginning 30 calendar days after the effective date, and then every 6 months for the next 36 months, and the final payment will be made 39 months from the first payment.   The effective date is the first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred.

You and all other Authorized Claimants will be paid in the order your valid Claim Form is received.  If your settlement payment is greater than the total amount being paid during one installment payment, the remaining amount will be paid in the next installment.

The Court did not decide which side was right.  Both sides agreed to the settlement to resolve the case, and avoid further disputes, inconvenience, and expense.  The Settlement is not to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of No Parking Today.

4.     **HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?**

**In order to collect your share of the settlement, you must completely fill out and submit a claim form**. Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], 2014, to:

> Simpluris, Inc.,
> Class Action Settlement Administration
> 3176 Pullman Street, Suite 123
> Costa Mesa, California 92626.

By filling out this claim form, you will also be joining this case under the FLSA (this sometimes referred to as "opting-in").

5.     **WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

By operation of the entry of the Final Judgment and Final Approval, you will fully release No Parking Today and Clayton Thomas for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

6.     **HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?**

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement. To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE]. If you do not opt-out, you will be bound by the terms of the Settlement Agreement. To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN SPENCER v. NO PARKING TODAY INC., 12-cv-6323 (ALC) (AJP)" postmarked no later than [INSERT BAR DATE]. You must include your name and address in the letter. If you choose to opt-out, send your letter to:

> Simpluris, Inc.
> Class Action Settlement Administration
> 3176 Pullman Street, Suite 123
> Costa Mesa, California 92626
> Phone:

## 7.    WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Section 8 below, you must first do so in writing.  Written objections must be mailed to the Court and copies of your objection must be mailed to Class Counsel and No Parking Today's Counsel to the following addresses:

<u>Clerk of the Court:</u>
U.S. District Court Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Class Counsel:</u>
Douglas Lipsky, Esq.
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone: 212. 392.4772
Fax:  212.444.1030

<u>No Parking Today's Counsel:</u>
Jeffery A. Meyer, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone:  516.681.1100
Fax:  516.681.1101

Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of <u>SPENCER v. NO PARKING TODAY INC.</u>, Case No. 12-cv-6323 (ALC) (AJP).  If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing.  If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.  The Parties may file with the Court written responses to any filed objections.  You cannot object to the Settlement and opt-out of the Settlement Class.  If you opt-out, you have no basis to object because the case no longer affects you.

8.    **WHEN IS THE FINAL FAIRNESS HEARING?**

A hearing before the Honorable Andrew L. Carter Jr., U.S.D.J., will be held on _____ at _____ at the United States District Court Southern District of New York, 40 Foley Square, Courtroom 1306, New York, New York 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

9.    **HOW CAN I EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you can contact class counsel:

> Douglas B. Lipsky
> BRONSON LIPSKY LLP
> 630 Third Avenue, Fifth Floor
> New York, New York 10017
> Phone: 212.392.4772.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

## EXHIBIT B
## INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM

*Spencer v. No Parking Today Inc., Clayton Thomas*, No. 1:12-cv-6323 (ALC) (AJP)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE,  SIGN AND RETURN THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE], 2014**

| **CORRECTIONS OR ADDITIONAL INFORMATION** |
|---|
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please provide your name and address here: |

| **Telephone Number:** |
|---|

The records of No Parking Today Inc. ("No Parking Today") indicate that No Parking Today employed you in an hourly position, as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014, and that you worked during this period for a total of _____ weeks.  Based on these records, your estimated claim at this point is roughly a minimum of $_____ less applicable taxes.  If you wish to dispute these figures, please contact Douglas B. Lipsky at 212.392.4772.  Only written evidence/documentation will be considered in such a dispute and must be submitted by [BAR DATE].

Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at No Parking Today, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form.  And your award might be greater than the amount listed above if Reversion Payments are issued to the Settlement Class Members. The amount of your award may be subject to tax withholdings.

By signing, you are opting-into this case under the Fair Labor Standards Act, you are acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief and you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against No Parking Today and Clayton Thomas for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

Date: _____          _____

                                (Sign your name here)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
DARRELL K. SPENCER, Individually and on     :     ECF CASE
Behalf of All Other Persons Similarly Situated,

                                   :     1:12-cv-6323 (ALC) (AJP)
                   Plaintiff,

           v.

NO PARKING TODAY, INC. and CLAYTON     :
THOMAS, Jointly and Severally,

              Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x



### CONSENT JUDGMENT

WHEREAS, Darrell K. Spencer, Individually and on Behalf of All Other Persons Similarly Situated, filed the putative Class and Collective Action Complaint on August 21, 2012 against Defendants No Parking Today Inc. and Clayton Thomas ("Defendants") (the "Complaint"), which seeks damages against Defendants under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 207 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") as a result of Defendants' failure to pay the putative class and collective action members for all work performed in excess of 40 hours in a workweek at the applicable overtime rate, for recordkeeping violations and for illegal deductions.

WHEREAS, the Parties agreed to resolve this matter on a class-wide basis after extensive settlement negotiations and discovery and entered into a Settlement Agreement on April __, 2014 (the "Agreement");

WHEREAS, this matter was certified as a class action under Fed. R. Civ. P. 23(a) and (b) and Douglas B. Lipsky of Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates were appointed class counsel under Fed. R. Civ. P. 23(g);

WHEREAS, the Parties agreed to a structured settlement payment giving Defendants

-1-

1,170 calendar days, approximately thirty-nine (39) months, to fulfill their payment obligations under the Agreement and Defendants enter into this Consent Judgment to provide relief to the Plaintiff and Class Members for breaching the terms of the Agreement;

WHEREAS, Defendants have failed after written notice to comply with the terms of the Agreement and are in "Default," as defined in the Agreement;

WHEREAS, Defendants have consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the Parties;

WHEREAS, the intent of Plaintiff in effecting this settlement is to remediate harms resulted from Defendants' unlawful conduct, as alleged in the Complaint, and Defendants breach of the Agreement by Defendants;

WHEREAS Defendants denied any wrongdoing in their Answer;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Defendants' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

## I.   JURISDICTION

1.      This Court has jurisdiction over this subject matter of this action under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff and the Class Members' state law claims under 28 U.S.C. §§ 1332 and 1367.  The Complaint states a claim upon which relief may be granted against Defendants.

## II.      FINANCIAL TERMS

2.      Defendants and their affiliated entities shall pay to Plaintiff, Class Members and Class Counsel the total sum of $475,000.00, less any and all payments already made by

-2-

Defendants to Plaintiff, the Class Members or their counsel pursuant to the Agreement, which shall be distributed in a *pro rata* manner under the formula and for the purposes specified in paragraphs 47 and 48 of the Agreement.  Defendants shall make payment no later than seven (7) calendar days after the Effective Date of this Consent Judgment.

3.     Defendants shall be jointly and severally liable to pay the payment set forth in paragraph 2.

4.     Subject to the Court's approval, Defendants shall pay Plaintiff and the Class Members' counsel their reasonable attorneys' fees and reimbursable expenses in connection with enforcing this Consent Judgment and the Agreement.

### III.     OTHER TERMS

5.     This Court retains jurisdiction for the duration of this Consent Judgment to enforce its terms.  The Parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court.  This Consent Judgment may be modified only by order of this Court.

6.     The Effective Date of this Consent Judgment shall be the date on which the Consent Judgment has been entered by the Court.

7.     This Consent Judgment shall remain in full force and effect until Defendants complete their obligations under the Consent Judgment, at which time the Consent Judgment shall expire.

[SIGNATURES ON NEXT PAGE]

AGREED TO AS TO FORM AND CONTENT:

6/19/14

~~Dated: May ___, 2014~~

NO PARKING TODAY INC.

By: _____

Name: Clayton Thomas
Title:   President

6/19/14

~~Dated: May ___, 2014~~

By: _____

Clayton Thomas (Individually)

SO ORDERED:
Dated: New York, New York
_____, 2014

_____
The Honorable Andrew L. Carter Jr., U.S.D.J.

-4-