UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARRELL K. SPENCER, Individually and on : ECF CASE
Behalf of All Other Persons Similarly Situated, :
 :
Plaintiff, : 1:12-cv-6323 (ALC) (AJP)
 :
v. :
 :
NO PARKING TODAY, INC. and CLAYTON :
THOMAS, Jointly and Severally, :
 :
Defendants. :
 :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-17-14

ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION
SETTLEMENT AGREEMENT, APPROVAL OF THE PROPOSED NOTICE OF
SETTLEMENT, AND SCHEDULING OF A FINAL FAIRNESS HEARING

WHEREAS, the class action, *Darrel K. Spencer v. No Parking Today, Inc. and Clayton Thomas.*, Civil Action Number 1:12-cv-6323 (ALC) (AJP) ("Action"), is currently pending before this Court;

WHEREAS, Plaintiff and the Class Members have made an unopposed application under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) for an order approving a settlement of the claims alleged in the Action, in accordance with a Settlement Agreement and General Release dated June 23, 2014 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action against No Parking Today, Inc. and Clayton Thomas ("Defendants") and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, for purposes of this Order, the Court adopts and incorporates the definitions set forth in the Agreement including:

Settlement Class: All individuals whom Defendants have employed or are employing who hold or held the title of "parking assistant" or "reserve parker" at any time from August 13, 2006 to February 7, 2014. Agreement ¶ 2.

Authorized Claimant: Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement. Agreement ¶ 3.

Bar Date: The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members. Settlement Class Members must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant. Agreement ¶ 6.

Settlement Notice: The notice substantially in the form attached as Exhibit A to the Agreement (and Exhibit A to this Order) to be directed to Settlement Class Members to explain the Agreement's terms and Settlement Class Members' options with respect to the Agreement. Agreement ¶ 39.

Claim Form: The Proof of Claim, which is attached as Exhibit B to the Agreement and Exhibit B to this Order, which is to be used by Settlement Class Members who choose to file a claim in the Action. Agreement ¶ 5.

Claim Submission Period: The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. The Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 7.

Claims Administrator: The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties set forth in paragraphs 53, 55 through 57of the Agreement. The Claims Administrator is designated by the Parties to be Simpluris, Inc. Agreement ¶ 8.

Released Parties: Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action, including any party that was or could have been named as a defendant in the Action. Agreement ¶ 33.

Final Effective Date: The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date passes; (iii) the Court enters a Final Approval Order; (iv) the deadline passes without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order expires and no Notice of Appeal is filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order remains intact in all material respects; and (vi) the Final Fairness Hearing occurs. Agreement ¶ 19.

Settled Claims: Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiff, Class Representatives or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. Agreement ¶ 42.

Final Fairness Hearing: Means the hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as are contemplated by this Agreement. Agreement ¶ 120.

IT IS ON THIS 17th DAY OF July 2014, HEREBY ORDERED AS FOLLOWS:

1. The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interest of Plaintiffs and the Settlement Class Members.

2. The Final Fairness Hearing shall be held no earlier than one hundred thirty (130) calendar days from the date of this Order. The Hearing shall be scheduled before this Court, on December 12, 2014, at 11:30 a.m. at the United States District

3

Court Southern District of New York, U.S. Courthouse, 40 Foley Square, Courtroom 1306, New York, New York 10007 to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement are fair, just, reasonable, adequate and in the best interest of the Settlement Class Members, and should be approved by the Court; and whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

3. The Court approves, as to form and content, the Notice of Settlement and Claim Form, attached as Exhibits A and B to the Agreement and to this Order, and finds the mailing and distribution of the Notice of Settlement and Claim Form to constitute the best notice practicable under the circumstances, meet the requirements of due process and constitute valid, due and sufficient notice to all persons in the Settlement Class, complying fully with the requirement of Fed. R. Civ. P. 23, the Fair Labor Standards Act, the Constitution of the United States and any other applicable laws, as appropriate. Following this Order, the Parties may make non-material changes to the Notice of Settlement and Claim Form without seeking the Court's approval.

4. The Claims Administrator, Simpluris Inc., is hereby authorized to supervise and administer the notice procedure as set forth in the Agreement.

5. Settlement Class Members are entitled to object to the (i) approval of the terms and conditions of the Agreement, (ii) the judgment to be entered thereon if the same is approved, or (iii) the attorneys' fees and expenses to be awarded to Class Counsel. For Settlement Class Members to make any such objection, they must, personally or through an attorney, file a signed written objection with the Clerk of the United States District Court Southern District of New York and mail a copy of their objection to Class Counsel and Counsel for Defendants. Any statement of position or objection shall be signed, state the objector's

name, address and telephone numbers and include any supporting documents. The statement of position shall also identify any and all witnesses, documents, and other evidence of any kind to be presented at the Final Fairness Hearing in support of the statement of position or objection, as well as the substance of the testimony to be given by any witness. Additionally, any Settlement Class Member who has served and filed objections as set forth in this Order may appear at the Final Fairness Hearing and show cause to the Court why the proposed settlement of the claims alleged in the Action should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs and expenses, should or should not be awarded as requested.

6. For the objection to be considred timely, they must be postmarked on or by sixty (60) calendar days from when the Claims Administrator mails the Notice of Settlement and Claim Form.

7. Any Settlement Class Member who does not make his or her objection in the manner as provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' fees, costs and expenses to Class Counsel, and the award of an incentive payment for the Plaintiff Spencer and the Class Representatives, unless otherwise ordered by the Court.

8. All additional papers in support of the Agreement receiving final approval, for the approval of the serivce awards and for Class Counsel's attorneys' fees and expenses application shall be filed and served with the Court by: _5:00 p.m. on December 1, 2014_.

9. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Claims Administrator shall send notice of any such adjournment only to any Settlement Class Member who has timely filed an objection to the settlement, consistent with the terms of the Agreement and this Order. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

SO ORDERED:

Dated: New York, New York
       July 17, 2014

_____
The Honorable Andrew L. Carter, U.S.D.J.

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DARRELL K. SPENCER, Individually and on : ECF CASE
Behalf of All Other Persons Similarly Situated, :
                                               :
                 Plaintiff,                    : 1:12-cv-6323 (ALC) (AJP)
                                               :
        v.                                     :
                                               :
NO PARKING TODAY, INC. and CLAYTON             :
THOMAS, Jointly and Severally,                 :
                                               :
                 Defendants.                   :
------------------------------------x

## NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
## AND FINAL FAIRNESS HEARING

TO: **ALL INDIVIDUALS WHOM NO PARKING TODAY, INC. AND CLAYTON THOMAS HAVE EMPLOYED OR ARE EMPLOYING WHO HOLD OR HELD THE TITLE OF "PARKING ASSISTANT" OR "RESERVE PARKER" AT ANY TIME FROM AUGUST 13, 2006 TO FEBRUARY 7, 2014.**

Based on information in the records of No Parking Today, Inc. ("No Parking Today"), you were employed as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014 (the "Covered Period") and are eligible to participate in the proposed settlement of the case captioned *Darrel K. Spencer v. No Parking Today, Inc. and Clayton Thomas*, Case No. 1:12-cv-6323 (ALC) (AJP) (U.S. District Court Southern District of New York) (the "Action").

**PLEASE READ THIS NOTICE CAREFULLY.** It contains important information about your rights concerning the settlement of the Lawsuit. If the Court approves the settlement, you will be bound by its terms unless you affirmatively opt out of the settlement.

1.  **WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you worked for No Parking Today as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014. The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit. A claim form is enclosed for you to execute and return to the Claims Administrator (as discussed below in paragraph 4) in order to recover your settlement amount. We have provided you a pre-paid envelope for this purpose. **If you do not return the claim form on or before the deadline, you will not receive your share of the settlement.**

2.  **WHAT IS THIS CASE ABOUT?**

A former employee (the "Named Plaintiff") filed the Action pursuant to the New York labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA") alleging that No Parking Today and Clayton Thomas failed to pay their employees overtime pay whenever they worked more than forty hours in a week, made illegal deductions from their wages, and failed to provide their employees with legally required notices. Due to the Named Plaintiff's unavailability, the Court appointed three additional individuals to represent the class: Andre Banfield, Gilmore Thompson and Lithaniel Singleton.

No Parking Today and Clayton Thomas deny these allegations and maintains that they properly paid all parking assistants and reserve parkers overtime pay, did not make illegal deductions, and complied with all recordkeeping requirements.

No Parking Today and Clayton Thomas do not discourage your participation in the Settlement.

**The law strictly prohibits No Parking Today and Clayton Thomas from retaliating against you for participating in the Settlement. This includes they <u>CANNOT</u> fire you, demote you, reduce your work schedule, reduce your rate of pay or harass you because you participate in the Settlement.**

The attorneys for the Class ("Class Counsel") in this Action are:

> Douglas Lipsky
> BRONSON LIPSKY LLP
> 630 Third Avenue, Fifth Floor
> New York, New York 10017-6705
> Phone: 212.392.4772
> Email: dl@bronsonlipsky.com

You may enter an appearance through separate counsel of your choosing if you so desire.

3.  **WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT? HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED?**

If the Court gives the Settlement final approval, No Parking Today will pay a maximum of $450,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $450,000.00 prior to distribution of the settlement funds to Class Members who submit timely and valid Claim Forms ("Authorized Claimants"):

- Attorneys' Fees and Costs: Class Counsel will apply to the Court for recovery of costs not to exceed $3,275.91 and attorneys' fees of $150,000.00 (1/3 of the Settlement) from the Settlement Fund. This amount will be requested pursuant to the Named Plaintiff's professional services agreement.

- Service Payments: If the Court approves such payment, $10,000.00 will be paid to Darrel K. Spencer, and $7,500.00 to each Andre Banfield, Gilmore Thompson and Lithaniel Singleton. These payments are being made in recognition of the many hours of services they contributed on behalf of the Settlement Class, which includes several meetings and teleconferences with Class Counsel, drafting and reviewing Court filings, attending Court conferences, and attending multiple mediation sessions with the Court. These payments are also in recognition of the risk they took in being retaliated against for representing the Settlement Class.

- Individual Settlement. $15,000.00 in consideration for Named Plaintiff Spencer's release of all claims he has or may assert against the Defendants in connection with his employment with Defendants.

If the Court approves these payments, then after these payments are deducted for, among other things, attorneys' fees and costs, the remaining Settlement Fund (the "Net Settlement Sum" or "NSS") will be distributed based on two calculations.

Individual Settlement Payment. This calculation reflects how many weeks you worked for No Parking Today and is based on the following formula: the total number of weeks you worked will be divided by the total number of weeks worked by all of the Settlement Class members during the relevant time period; this percentage will then be multiplied by the Net Settlement Sum. This amount is called your "Individual Settlement Payment." This is the amount listed on your Claim Form.

The following example illustrates this formula. For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the NSS equals $275,000.00.

Step one: 100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two: 5% (Authorized Claimant's Percentage of the NSS) x $275,000.00 (NSS) = $13,750.00 (Individual Settlement Payment).

Reversion Payment. This calculation is based on how much of the Net Settlement Sum is left over based on Settlement Class Members not filing timely or valid claim forms or opting out of the settlement. This amount is called the "Reversion." 25% of the Reversion will be allocated to the Authorized Claimants. The remaining 75% will revert back to No Parking Today.

25% of the Reversion will be allocated to you (if you are an Authorized Claimant) based on the following formula: your Individual Settlement Payment is divided by the total Individual Settlements for every Authorized Claimant; this percentage is then multiplied by 25% of the Reversion to calculate your share of the Reversion. This is called the "Reversion Payment." Because the Reversion Payment is based on who submits a valid Claim Form, Class Counsel will not know how much your Reversion Payment is until after the Claim Submission Period deadline (explained below in paragraph 4). Also, if every Settlement Class Member submits a timely and valid Claim Form, nobody will receive a Reversion Payment. Accordingly, the total amount you

will receive will be greater than the Individual Settlement Payment listed on the Claim Form only if there are Reversion Payments.

If you are an Authorized Claimant, the total amount you will receive under this Settlement is your Individual Settlement Payment plus your Reversion Payment (if any).

The following example illustrates this formula.  For this example: the Authorized Claimant's Individual Settlement Payment is $13,750.00; total Individual Settlement Payments for every Authorized Claimant is $200,000.00; Reversion is $75,000.00; 25% of the Reversion equals $18,750.00, which is allocated amongst the Authorized Claimants; 75% of the Reversion equals $56,250.00, which reverts to Defendants.

Step one: $13,750.00 (Individual Settlement Payment) / $200,000.00 (Total Individual Settlement Payments for Every Authorized Claimant) = 6.875% (Authorized Claimant's Percentage of Total Settlement Payments).

Step two: 6.875% (Authorized Claimant's Percentage of Total Settlement Payments) x $18,750.00 (Reversion to Be Allocated to Authorized Claimants) = $1,289.06 (Reversion Payment).

If you are an Authorized Claimant, then (1) 50% of the payment made to you from the Settlement Fund shall be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be attributed to alleged liquidated damages and reported on an IRS Form 1099.  You will ultimately receive one check that reflects all of these calculations.

The Settlement will be paid out in equal payments beginning 30 calendar days after the effective date, and then every 6 months for the next 36 months, and the final payment will be made 39 months from the first payment.  The effective date is the first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred.

You and all other Authorized Claimants will be paid in the order your valid Claim Form is received.  If your settlement payment is greater than the total amount being paid during one installment payment, the remaining amount will be paid in the next installment.

The Court did not decide which side was right.  Both sides agreed to the settlement to resolve the case, and avoid further disputes, inconvenience, and expense.  The Settlement is not to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of No Parking Today.

4.     HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the settlement, you must completely fill out and submit a claim form.** Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], 2014, to:

>   Simpluris, Inc.,
>   Class Action Settlement Administration
>   3176 Pullman Street, Suite 123
>   Costa Mesa, California 92626.

By filling out this claim form, you will also be joining this case under the FLSA (this sometimes referred to as "opting-in").

5.     WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

By operation of the entry of the Final Judgment and Final Approval, you will fully release No Parking Today and Clayton Thomas for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

6.     HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement. To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE]. If you do not opt-out, you will be bound by the terms of the Settlement Agreement. To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN SPENCER v. NO PARKING TODAY INC., 12-cv-6323 (ALC) (AJP)" postmarked no later than [INSERT BAR DATE]. You must include your name and address in the letter. If you choose to opt-out, send your letter to:

>   Simpluris, Inc.
>   Class Action Settlement Administration
>   3176 Pullman Street, Suite 123
>   Costa Mesa, California 92626
>   Phone:

7.  **WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?**

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Section 8 below, you must first do so in writing. Written objections must be mailed to the Court and copies of your objection must be mailed to Class Counsel and No Parking Today's Counsel to the following addresses:

<u>Clerk of the Court:</u>
U.S. District Court Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Class Counsel:</u>
Douglas Lipsky, Esq.
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone: 212. 392.4772
Fax: 212.444.1030

<u>No Parking Today's Counsel:</u>
Jeffery A. Meyer, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: 516.681.1100
Fax: 516.681.1101

Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of <u>SPENCER v. NO PARKING TODAY INC.</u>, Case No. 12-cv-6323 (ALC) (AJP). If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing. If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement. The Parties may file with the Court written responses to any filed objections. You cannot object to the Settlement and opt-out of the Settlement Class. If you opt-out, you have no basis to object because the case no longer affects you.

8.     **WHEN IS THE FINAL FAIRNESS HEARING?**

A hearing before the Honorable Andrew L. Carter Jr., U.S.D.J., will be held on _____ at _____ at the United States District Court Southern District of New York, 40 Foley Square, Courtroom 1306, New York, New York 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

9.     **HOW CAN I EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you can contact class counsel:

>  Douglas B. Lipsky
>  BRONSON LIPSKY LLP
>  630 Third Avenue, Fifth Floor
>  New York, New York 10017
>  Phone:  212.392.4772.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

**EXHIBIT B**
**INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM**

*Spencer v. No Parking Today Inc., Clayton Thomas*, No. 1:12-cv-6323 (ALC) (AJP)

**TO SHARE IN THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM AND HAVE IT POSTMARKED NO LATER THAN [BAR DATE], 2014**

| CORRECTIONS OR ADDITIONAL INFORMATION |
|---|
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please provide your name and address here: |
| _____ |
| _____ |
| _____ |
| _____ |

| Telephone Number: |
|---|

    The records of No Parking Today Inc. ("No Parking Today") indicate that No Parking Today employed you in an hourly position, as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014, and that you worked during this period for a total of _____ weeks. Based on these records, your estimated claim at this point is roughly a minimum of $_____ less applicable taxes. If you wish to dispute these figures, please contact Douglas B. Lipsky at 212.392.4772. Only written evidence/documentation will be considered in such a dispute and must be submitted by [BAR DATE].

    Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at No Parking Today, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form. And your award might be greater than the amount listed above if Reversion Payments are issued to the Settlement Class Members. The amount of your award may be subject to tax withholdings.

    By signing, you are opting-into this case under the Fair Labor Standards Act, you are acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief and you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against No Parking Today and Clayton Thomas for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act

-2-

("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

Date: _____  _____

(Sign your name here)