# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRELL K. SPENCER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NO PARKING TODAY, INC. and CLAYTON THOMAS, Jointly and Severally,<br><br>Defendants. | ECF CASE.: 1:12-cv-6323 (ALC) (AJP)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MARY BUTLER REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** |

I, MARY BUTLER, hereby declare:

1. I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. Our Corporate Office address is 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626. My telephone number is (714) 824-8590. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

2. Simpluris is a Class Action Settlement Administration company located in Costa Mesa, California. It was founded by individuals who have each managed hundreds of settlements, along with professionals in the areas of Software Development, Third-Party Claims Administration, Mail-House Operations, and Call Center Support Management.

3. Simpluris was engaged by Counsel for the Class Representative, Darrell K. Spencer ("Plaintiff"), and No Parking Today, Inc. and Clayton Thomas ("Defendants"), (collectively the "Parties"), to provide settlement administration services in the *Spencer, et al. v. No Parking Today, Inc., et al.* case ("Settlement"). Duties include: mailing any and all notices and other correspondence to Class Members; track number of Claim Forms that were initially returned as undeliverable; track number of re-mails sent to a new address, number of timely and valid requests to be excluded from the Settlement; the number of deficient Claim Forms for which the deficiencies were not timely cured; a list of all the Settlement Class Members who will be found under the Agreement; a list of all Settlement Class Members who timely request to be excluded from the Settlement; any additional information Class Counsel and/or Defendant's Counsel deem appropriate to provide to the Court.

4. A toll-free telephone number was included in the Class Notice for the purpose of allowing the Class Members to call Simpluris and to make inquiries regarding the Settlement. The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process. Callers have the option to speak with a live call center representative during normal business hours or to leave a message and receive a return call during non-business hours. The toll-free telephone number included in the Class Notice was (888) 654-1274.

5. On October 3, 2014, Simpluris received the Court-approved Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing and Individual Settlement Class Member Claim Form ("Notice Packet") from Counsel. The Notice Packet advised Class Members of their right to

submit a claim, opt out from the Settlement, object to the Settlement, and do nothing, and the implications of each such action. The Notice Packet advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Class Members could obtain additional information. A sample Notice Packet is attached hereto as Exhibit "A".

6. On November 5, 2014, Counsel for Defendant provided Simpluris with a final mailing list ("Class List") containing Class Member names, last known addresses and telephone number, dates of employment and the number of weeks worked during the class period. The Class List contained data for 1,117 Class Members.

7. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packets.

8. On November 14, 2014, Notice Packets were mailed to the 1,075 identified Class Members with addresses contained in the Class List via First Class mail. Forty-two (42) Class Members were not mailed to as an address was not available for these members.

9. After the initial notice mailing, 6 individuals contacted Simpluris to request inclusion in the Settlement Class. It was determined that 6 of those potential class members should be included in the Settlement Class. A Notice Packet was mailed to each of the individuals.

10. If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name and previous address to locate a current address. Through the advanced address searches, Simpluris was able to locate 158 updated addresses and Simpluris promptly mailed Notice Packets to those updated addresses. Ultimately, 76 Notice Packets were undeliverable because Simpluris was unable to find a correct address.

11. On December 15, 2014, Simpluris mailed a reminder postcard to 984 Class Members who had not responded to the initial mailing, reminding such Class Members of their deadline to

respond if they wanted to do so.  A true and correct copy of the reminder postcard is attached hereto as Exhibit "B."

12. Simpluris was responsible for receipt of all Claim Forms.  As of January 29, 2015, Simpluris has received claims from 209 Class Members. Of those 201 are timely and 8 are late.  If a Class Member filed a Claim Form with a curable deficiency, Simpluris mailed the Class Member a notice providing information on how to cure the deficiency and provided January 27, 2015 to cure the deficiency.  As of January 29, 2015, 10 claims are deficient.  The 194 valid claims represent 17.27% of the entire Settlement Class.

13. As of January 29, 2015, Simpluris has not received any valid request for exclusion from the Settlement.

14. As of January 29, 2015, Simpluris has not received any objections to the Settlement.

15. The most current weekly report dated January 29, 2015, is attached hereto as Exhibit "C".

16. With regard to Simpluris' invoice for services in connection with the Administration of the settlement, Simpluris' fees and costs are $61,000.00, which includes all work to conclude Simpluris' duties and responsibilities pursuant to the settlement, mailing of settlement payment checks and tax reporting for 8 disbursements, and answer class member questions, and the like.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 2, 2015, in Frisco, Texas.

_____
Mary Butler

4843-4241-5393, v. 1

# EXHIBIT A

# INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM

*Spencer v. No Parking Today Inc., Clayton Thomas*, No. 1:12-cv-6323 (ALC) (AJP)

**TO SHARE IN THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM AND HAVE IT POSTMARKED NO LATER THAN JANUARY 13, 2015 to SPENCER V. NO PARKING TODAY INC., C/O SIMPLURIS, INC., P.O. BOX 26170, SANTA ANA, CA 92799**

«Barcode»   «BarcodeString»
SIMID  «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State»  «Zip»

Name/Address Changes, if any:
_____
_____
_____
Telephone:_____

The records of No Parking Today Inc. ("No Parking Today") indicate that No Parking Today employed you in an hourly position, as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014.  In the spaces below, please list when you worked for No Parking Today as a parking assistant or reserve parker during this time period. If you are still a No Parking Today employee, please just write "Still Employed."

I started working for No Parking Today on: _____
[insert the date you started working]

I stopped working for No Parking Today on: _____
[insert the date you stopped working]

During this time period, I worked for No Parking Today this many weeks: _____

Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at No Parking Today, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form. Your award may increase if any Reversion Payments are issued to the Settlement Class Members.  The amount of your award may be subject to tax withholdings.

By signing, you are opting-into this case under the Fair Labor Standards Act, you are acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief and you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against No Parking Today and Clayton Thomas for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both:  (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")).  "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

_____                     _____
(Print Date)                                              (Sign your name here)

**DECLARATION REGARDING INFORMATION PROVIDED ON THE CLAIM FORM**

I, _____, upon personal knowledge and under penalty of perjury, pursuant to 29 U.S.C. § 1746,
[INSERT NAME]
state and declare that the information I have provided on the Claim Form is true and correct to the best of my knowledge.

_____                     _____
(Print Date)                                              (Sign your name here)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DARRELL K. SPENCER, Individually and on Behalf of All Other Persons Similarly Situated,

            Plaintiff,

v.

NO PARKING TODAY, INC. and CLAYTON THOMAS, Jointly and Severally,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

1:12-cv-6323 (ALC) (AJP)

**NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
AND FINAL FAIRNESS HEARING**

**TO:** ALL INDIVIDUALS WHOM NO PARKING TODAY, INC. AND CLAYTON THOMAS HAVE EMPLOYED OR ARE EMPLOYING WHO HOLD OR HELD THE TITLE OF "PARKING ASSISTANT" OR "RESERVE PARKER" AT ANY TIME FROM AUGUST 13, 2006 TO FEBRUARY 7, 2014.

Based on information in the records of No Parking Today, Inc. ("No Parking Today"), you were employed as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014 (the "Covered Period") and are eligible to participate in the proposed Settlement of the case captioned *Darrel K. Spencer v. No Parking Today, Inc. and Clayton Thomas*, Case No. 1:12-cv-6323 (ALC) (AJP) (U.S. District Court Southern District of New York) (the "Action").

**PLEASE READ THIS NOTICE CAREFULLY.** It contains important information about your rights concerning the Settlement of the Lawsuit. If the Court approves the Settlement, you will be bound by its terms unless you affirmatively opt out of the Settlement.

    1.    WHAT IS THE PURPOSE OF THIS NOTICE?

The Court has ordered that this Notice be sent to you because you worked for No Parking Today as a parking assistant or reserve parker at any time from August 13, 2006 to February 7, 2014. The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit. A Claim Form is enclosed for you to execute and return to the Claims Administrator (as discussed below in paragraph 4) in order to recover your Settlement amount. We have provided you a pre-paid envelope for this purpose. **If you do not return the Claim Form on or before the deadline, you will <u>not</u> receive your share of the Settlement.**

    2.    WHAT IS THIS CASE ABOUT?

A former employee (the "Named Plaintiff") filed the Action pursuant to the New York labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA") alleging that No Parking Today and Clayton Thomas failed to pay their employees overtime pay whenever they worked more than forty hours in a week, made illegal deductions from their wages, and failed to provide their employees with legally required notices. Due to the Named Plaintiff's unavailability, the Court appointed three additional individuals to represent the class: Andre Banfield, Gilmore Thompson and Lithaniel Singleton.

No Parking Today and Clayton Thomas deny these allegations and maintain that they properly paid all parking assistants and reserve parkers overtime pay, did not make illegal deductions, and complied with all recordkeeping requirements.

No Parking Today and Clayton Thomas do not discourage your participation in the Settlement.

**The law strictly prohibits No Parking Today and Clayton Thomas from retaliating against you for participating in the Settlement. This includes they <u>CANNOT</u> fire you, demote you, reduce your work schedule, reduce your rate of pay or harass you because you participate in the Settlement.**

The attorneys for the Class ("Class Counsel") in this Action are:

            Douglas Lipsky
            BRONSON LIPSKY LLP
            630 Third Avenue, Fifth Floor
            New York, New York 10017-6705
            Phone: 212.392.4772
            Email: dl@bronsonlipsky.com

You may enter an appearance through separate counsel of your choosing if you so desire.

**3.   WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT? HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED?**

If the Court gives the Settlement final approval, No Parking Today will pay a maximum of $450,000.00 in total Settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $450,000.00 prior to distribution of the Settlement funds to Class Members who submit timely and valid Claim Forms ("Authorized Claimants"):

- Attorneys' Fees and Costs:  Class Counsel will apply to the Court for recovery of costs not to exceed $3,275.91 and attorneys' fees of $150,000.00 (1/3 of the Settlement) from the Settlement Fund. This amount will be requested pursuant to the Named Plaintiff's professional services agreement.

- Service Payments: If the Court approves such payment, $10,000.00 will be paid to Darrel K. Spencer, and $7,500.00 to each Andre Banfield, Gilmore Thompson and Lithaniel Singleton. These payments are being made in recognition of the many hours of services they contributed on behalf of the Settlement Class, which includes several meetings and teleconferences with Class Counsel, drafting and reviewing Court filings, attending Court conferences, and attending multiple mediation sessions with the Court. These payments are also in recognition of the risk they took in being retaliated against for representing the Settlement Class.

- Individual Settlement. $15,000.00 in consideration for Named Plaintiff Spencer's release of all claims he has or may assert against the Defendants in connection with his employment with Defendants.

If the Court approves these payments, then after these payments are deducted for, among other things, attorneys' fees and costs, the remaining Settlement Fund (the "Net Settlement Sum" or "NSS") will be distributed based on two calculations.

Individual Settlement Payment.  This calculation reflects how many weeks you worked for No Parking Today and is based on the following formula:  the total number of weeks you worked will be divided by the total number of weeks worked by all of the Settlement Class members during the relevant time period; this percentage will then be multiplied by the Net Settlement Sum. On the Claim Form, please list the time period and how many weeks you worked for No Parking Today between August 13, 2006 and February 7, 2014.  To confirm you are listing the correct number of weeks to the best of your knowledge and recollection, you must sign the declaration at the bottom of the Claim Form, confirming that you are providing this information under penalties of perjury. You should not include any weeks that you did not work for No Parking Today, even though you remained an employee. For example, you should not include weeks when you were on vacation or weeks when you worked for another employer.

The Claims Administrator (who is identified below in Paragraph 4) will advise you if any questions exist regarding the information that you have listed on your Claim Form. You may have an opportunity to provide documentation to support the information that you have provided.

The information you provide will be used to calculate your "Individual Settlement Payment" under the formula described above.  Below is an example illustrating said formula.

For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the NSS equals $275,000.00.

Step one:  100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two:  5% (Authorized Claimant's Percentage of the NSS) x $275,000.00 (NSS) = $13,750.00 (Individual Settlement Payment).

You may contact the Claims Administrator at (888) 654-1274 to learn your estimated Individual Settlement Payment. The Claims Administrator will not know this calculation until after January 13, 2015.

Reversion Payment.  This calculation is based on how much of the Net Settlement Sum is left over based on Settlement Class Members not filing timely or valid Claim Forms or opting out of the Settlement. This amount is called the "Reversion." 25% of the Reversion will be allocated to the Authorized Claimants. The remaining 75% will revert back to No Parking Today.

25% of the Reversion will be allocated to you (if you are an Authorized Claimant) based on the following formula: your Individual Settlement Payment is divided by the total Individual Settlements for every Authorized Claimant; this percentage is then multiplied by 25% of the Reversion to calculate your share of the Reversion. This is called the "Reversion Payment." Because the Reversion Payment is based on who submits a valid Claim Form, Class Counsel will not know how much your Reversion Payment is until after the Claim Submission Period deadline (explained below in paragraph 4). Also, if every Settlement Class Member submits a timely and valid Claim Form, nobody will receive a Reversion Payment. Accordingly, the total amount you will receive will be greater than the Individual Settlement Payment listed on the Claim Form only if there are Reversion Payments.

If you are an Authorized Claimant, the total amount you will receive under this Settlement is your Individual Settlement Payment plus your Reversion Payment (if any).

The following example illustrates this formula.  For this example: the Authorized Claimant's Individual Settlement Payment is $13,750.00; total Individual Settlement Payments for every Authorized Claimant is $200,000.00; Reversion is $75,000.00; 25% of

the Reversion equals $18,750.00, which is allocated amongst the Authorized Claimants; 75% of the Reversion equals $56,250.00, which reverts to Defendants.

Step one:  $13,750.00 (Individual Settlement Payment) / $200,000.00 (Total Individual Settlement Payments for Every Authorized Claimant) = 6.875% (Authorized Claimant's Percentage of Total Settlement Payments).

Step two:  6.875% (Authorized Claimant's Percentage of Total Settlement Payments) x $18,750.00 (Reversion to Be Allocated to Authorized Claimants) = $1,289.06 (Reversion Payment).

If you are an Authorized Claimant, then (1) 50% of the payment made to you from the Settlement Fund shall be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be attributed to alleged liquidated damages and interest and reported on an IRS Form 1099.   You will ultimately receive one check that reflects all of these calculations.

The Settlement will be paid out in equal payments beginning 30 calendar days after the effective date, and then every 6 months for the next 36 months, and the final payment will be made 39 months from the first payment.  The effective date is the first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred.

You and all other Authorized Claimants will be paid in the order your valid Claim Form is received.  If your Settlement payment is greater than the total amount being paid during one installment payment, the remaining amount will be paid in the next installment.

The Court did not decide which side was right.  Both sides agreed to the Settlement to resolve the case, and avoid further disputes, inconvenience, and expense.  The Settlement is not to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of No Parking Today.

4. **HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?**

**In order to collect your share of the Settlement, you must completely fill out and submit a Claim Form. Please remember to sign the declaration at the bottom of the Claim Form**. Attached to this Notice is a Claim Form that you must fill out and mail, postmarked on or before January 13, 2015, to:

> Spencer, et al. v. No Parking Today, Inc., et al.
> c/o Simpluris, Inc.
> P.O. Box 26170
> Santa Ana, CA 92799

By filling out this Claim Form, you will also be joining this case under the FLSA (this sometimes referred to as "opting-in").

5. **WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

By operation of the entry of the Final Judgment and Final Approval, you will fully release No Parking Today and Clayton Thomas for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both:  (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

6. **HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?**

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement. To opt-out of the Settlement Agreement you must do so by January 13, 2015. If you do not opt-out, you will be bound by the terms of the Settlement Agreement. To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN SPENCER v. NO PARKING TODAY INC., 12-cv-6323 (ALC) (AJP)" postmarked no later than January 13, 2015. You must include your name and address in the letter. If you choose to opt-out, send your letter to:

> Spencer, et al. v. No Parking Today, Inc., et al.
> c/o Simpluris, Inc.
> P.O. Box 26170
> Santa Ana, CA 92799
> Telephone: 888.654.1274

7. **WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?**

If you wish to present objections to the proposed Settlement at the Final Fairness Hearing as described in Section 8 below, you must first do so in writing. Written objections must be mailed to the Court and copies of your objection must be mailed to Class Counsel and No Parking Today's Counsel to the following addresses:

<u>Clerk of the Court:</u>
U.S. District Court Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Class Counsel:</u>
Douglas Lipsky, Esq.
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone:  212. 392.4772
Fax:  212.444.1030

<u>No Parking Today's Counsel:</u>
Jeffery A. Meyer, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone:  516.681.1100
Fax:  516.681.1101

Your objections must be postmarked by January 13, 2015.

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of <u>SPENCER v. NO PARKING TODAY INC.</u>, Case No. 12-cv-6323 (ALC) (AJP). If you object to the Settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing. If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the Settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the Settlement. The Parties may file with the Court written responses to any filed objections. You cannot object to the Settlement and opt-out of the Settlement Class. If you opt-out, you have no basis to object because the case no longer affects you.

8. **WHEN IS THE FINAL FAIRNESS HEARING?**

A hearing before the Honorable Andrew L. Carter Jr., U.S.D.J., will be held on February 12, 2015 at 10:00 a.m. at the United States District Court Southern District of New York, 40 Foley Square, Courtroom 1306, New York, New York 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

9. **HOW CAN I EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you can contact class counsel:

Douglas B. Lipsky
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone:  212.392.4772.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

# EXHIBIT B

**Spencer, et al. v. No Parking Today, Inc., et al.**
**c/o Simpluris, Inc.**
**P.O. Box 26170**
**Santa Ana, CA 92799-9834**

PRESORTED
FIRST-CLASS MAIL
US POSTAGE
PAID
SIMPLURIS INC

«BarCodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State» «Zip»

**REMINDER ABOUT THE DEADLINES IN THE CLASS ACTION SETTLEMENT IN SPENCER V. NO PARKING TODAY, ET AL.**

This is a reminder about important deadlines in the class action settlement in *Darrel K. Spencer v. No Parking Today, Inc. and Clayton Thomas*, Case No. 1:12-cv-6323 (ALC) (AJP) (U.S. District Court Southern District of New York).

On November 14, 2014, you were mailed two documents in connection with this settlement: the "Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing", and the "Individual Settlement Class Member Claim Form" ("Claim Form"). As explained in those documents, January 13, 2015, is the deadline for your to submit your Claim Form if you want to participate in the settlement, request to be excluded from the settlement, or file any objections regarding the settlement. If you do not timely submit a claim form and do not request to be excluded, you will be bound by the terms of the settlement agreement and not receive any money from this settlement.

If you have any questions, you should contact the Court-appointed Claims Administrator, Simpluris, Inc. at (888) 654-1274. You should not contact the Court.

**Spencer, et al. v. No Parking Today, Inc., et al.**
**c/o Simpluris, Inc.**
**P.O. Box 26170**
**Santa Ana, CA 92799**
**Telephone:(888) 654-1274**

# EXHIBIT C



January 29, 2015
Case Manager Name : Mary Butler
Case Manager Email : MButler@simpluris.com
Case Manager Direct Line : (714) 824-8590 ext. 1143

## Spencer, et al. v. No Parking Today, Inc., et al.
*United States District Court, Southern District of New York*
*Case No. 1:12-CV-6323 (ALC) (AJP)*

**Plaintiff Counsel**

*Douglas Lipsky /  Bronson Lipsky, LLP*

**Defense Counsel**

*Jeffery A. Meyer / Kaufman Dolowich & Voluck, LLP*
*Michael Kaufman / Kaufman Dolowich & Voluck, LLP*

**Case Milestones**  **Total Class Members :**  **1,123**

| | |
|---|---|
| Preliminary Approval Hearing | July 17, 2014 |
| Notification Mailing | November 14, 2014 |
| Reminder Mailing - Response Deadline | December 15, 2014 |
| Claim Deadline | January 13, 2015 |
| Opt Out Deadline | January 13, 2015 |
| Objection Deadline | January 13, 2015 |
| Declaration of Claims Administration | January 29, 2015 |
| Final Approval Hearing | February 12, 2015 |
| Funds Due | April 13, 2015 |

### Response Summary

*"Total Responses Submitted" is based on responses processed as of date reflected on the report.*

| **Claim Form** | **Total** | **Rates** |
|---|---|---|
| Valid | 194 | 17.27% |
| Invalid | 0 | 0% |
| Pending | 15 | 1.33% |
|     Late | 8 | 0.71% |
|     Deficient | 10 | 0.89% |
|     Dispute | 0 | 0% |
| Total Submitted | 209 | 18.61% |
| **Opt Out Form** | **Total** | **Rates** |
| Valid | 0 | 0% |
| Invalid | 0 | 0% |
| Pending | 0 | 0% |
|     Late | 0 | 0% |
|     Deficient | 0 | 0% |
| Total Submitted | 0 | 0% |
| **Total Responses Submitted** | **209** | **18.61%** |

**Mailing Details**

| Mailing Title | Mailed | Returned | Remailed | Undeliverable |
|---|---|---|---|---|
| Notice Packet | 1,075 | 259 | 236 | 76 |
| Reminder Mailing | 984 | 107 | 0 | 0 |

800-779-2104 / Fax - 714-824-8591
www.simpluris.com

Orange County
3176 Pullman Street, Suite 123, Costa Mesa, CA 92626

Orlando
1155 S. Semoran Blvd., Suite 3 - 1120, Winter Park, FL 32792