UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

DARRELL K. SPENCER, Individually and on
Behalf of All Other Persons Similarly Situated,

                Plaintiff,

v.

NO PARKING TODAY, INC. and CLAYTON
THOMAS, Jointly and Severally,

                Defendants.

------------------------------------x

ECF CASE

1:12-cv-6323 (ALC) (AJP)

2-20-15

[ ] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS

This matter came before the Court on the application of the parties for final approval of the settlement set forth in the June 23, 2014 Settlement and Release Agreement (the "Agreement") relating to the above-captioned class and collective action. The Court having held a final Settlement Fairness Hearing on February 11, 2015 at *[handwritten]*:00 p.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this 20 day of February, 2015

HEREBY ORDERED THAT:

    1.    For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement, including, but not limited to, the following definitions:

> <u>Settlement Class Member</u>: All individuals whom Defendants have employed or are employing who hold or held the title of "parking assistant" or "reserve parker" at any time from August 13, 2006 to February 7, 2014. (Agreement ¶ 2).

Authorized Claimant: Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement. (Agreement ¶ 3).

Gross Settlement Sum: Means the gross Settlement Payment of $450,000.00, which is the maximum amount Defendants will pay pursuant to this Agreement, inclusive of Final Settlement Payments, Class Counsel's Fees, Class Counsel's Costs, and Service Payments, except if the Settlement Expenses exceed the Reversion. (Agreement ¶ 25).

Net Settlement Sum: Means the Gross Settlement Sum less the amounts awarded to Class Counsel for Fees and Reimbursable Expenses, the Service Payments to Named Plaintiff and the Class Representatives and Named Plaintiff's General Settlement Payment. (Agreement ¶ 26).

Bar Date: The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members. Settlement Class Members must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant. (Agreement ¶ 6).

Released Parties: Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action, including any party that was or could have been named as a defendant in the Action. (Agreement ¶ 33).

Settled Claims: Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiff, Class Representatives or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between August 13, 2006 to February 7, 2014 in connection with Defendants employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages,

unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. (Agreement ¶ 42).

Class Counsel: Douglas B. Lipsky, Esq., of the law firm Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates.

Final Effective Date: The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date passes; (iii) the Court enters a Final Approval Order; (iv) the deadline passes without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order expires and no Notice of Appeal is filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order remains intact in all material respects; and (vi) the Final Fairness Hearing occurs. (Agreement ¶ 19).

Claims Administrator: The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties set forth in paragraphs 53, 55 through 57of the Agreement. The Claims Administrator is designated by the Parties to be Simpluris, Inc. (Agreement ¶ 8).

2.    This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216.  This Agreement is the product of arm's-length settlement negotiations.

3.    As no Settlement Class Member properly and timely exercised their opt-out rights in this lawsuit, under the Agreement, all Settlement Class Members are conclusively deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, either directly or indirectly, against the Released Parties, any and all Settled Claims with one exception: only Settlement Class Members who timely filed a proper Claim Form have waived their FLSA claims; Class Members who did not timely file a Claim

Form have not waived their claims under the FLSA. All such matters are hereby finally concluded, terminated and extinguished.

4. The notice given to Class Members fully and accurately informed them of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

5. The Court grants Service Payments of $10,000.00 to Plaintiff Darrel K. Spencer and $7,500.00 to be paid to each Gilmore Thompson, Andre Banfield and Lithaniel Singleton from the Gross Fund. The Service Payments are reasonable in light of the efforts they have expended in furthering the Class' interests, and the risks they incurred by becoming and continuing as a litigant.

6. The Court grants Class Counsel's Motion for Attorneys' Fees and Reimbursable Expenses and awards Class Counsel one-third of the Gross Fund, equaling $150,000.00, and $3,275.91 in reimbursable expenses. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Class Counsel undertook in bringing the claims, and the work that Class Counsel will likely have to perform following the entry of this Order.

7. The Claims Administrator is directed to (i) provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Shares, (ii) retain copies of all of the endorsed settlement checks with releases, and (iii) provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks in accordance with the Agreement and this Order.

8. Defendants shall have 1,170 calendar days to satisfy their payment obligations to the Named Plaintiff, Class Representatives, Authorized Claimants and Class Counsel. Defendants shall make 8 equal payments as follows: first payment 30 calendar days from Final Effective Date; second payment 180 calendar days from first payment; third payment 180 calendar days from second payment; fourth payment 180 calendar days from third payment; fifth payment 180 calendar days from fourth payment; sixth payment 180 calendar days from fifth payment; seventh payment 180 calendar days from sixth payment; and eighth payment 90 calendar days from seventh payment. (Agreement ¶ 50).

9. The following events shall take place after the Final Effective Date:

(i) Within 10 calendar days of the Effective Date, the Claims Administrator shall provide notice to Defendants and Class Counsel the number of Authorized Claimants, the total amount to be distributed each month to the Authorized Claimants and Class Counsel, the order in which the Authorized Claimants will be paid, and the amount each Authorized Claimant will receive per payment period (Agreement ¶ 58.c);

(ii) Within 20 calendar days of the Effective Date, Defendants shall remit to the Claims Administrator the first equal installment of the Claims Payment to be held in escrow by the Claims Administrator in a Qualified Settlement Fund (Agreement ¶58.c);

(iii) Within 30 calendar days of the Effective Date, the Claims Administrator will distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid within ten (10) calendar days of Defendants remitting the funds in escrow to the Claims Administrator (Agreement ¶ 58.c);

(iv) Within 30 calendar days of the Effective Date; the Claims Administrator shall distribute the Service Payments (Agreement ¶ 58.f); and

(v) Within 30 calendar days of the Effective Date, the Claims Administrator shall distribute to Class Counsel their first installment of their Attorneys' Fees and Expenses (Agreement ¶ 58.g).

10. Following the first settlement payments being made pursuant to paragraph 9 of this Order:

(i) At least 30 calendar days before each installment payment is due, Defendants shall remit to the Claims Administrator the next installment of the Claims Payment, which will be held in escrow by the Claims Administrator (Agreement ¶ 58.d);

(ii) The Claims Administrator shall distribute one check to each Authorized Claimant according to the schedule set forth above in paragraph 10 of this Order (Agreement ¶ 58.d); and

(iii) The Claims Administrator shall distribute to Class Counsel their next equal payment of attorneys' fees and expenses (Agreement ¶ 58.g).

11. Aside from the Named Plaintiff and Class Representatives, the Claims Administrator shall distribute the Settlement Payments to the Authorized Claimants in the order the Authorized Claimants submit their timely and valid Claim Form, which shall be determined by the post-mark of the envelope in which Authorized Claimants returned their Claim Form. In the event an Authorized Claimant's Settlement Payment exceeds the total amount being distributed in a particular month, the Claims Administrator shall distribute the balance of the Settlement Payment in the immediate, subsequent payment period. (Agreement ¶ 58.b).

12. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

13. The Court hereby dismisses the above-captioned action in its entirety, with prejudice to Plaintiff Spencer and the Authorized Claimants, and with no further award of attorneys' fees or costs or expenses, except as awarded herein.

SO ORDERED.

Dated: New York, New York
February 20, 2015

_____
The Honorable Andrew L. Carter Jr., U.S.D.J.